179 So.2d 674 (1965)
Eugene C. JONES, Plaintiff-Appellant,
v.
Kerney C. RODGERS et al., Defendants-Appellees.
No. 10434.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Robert B. Guerriero, Monroe, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
*675 HARDY, Judge.
This is an action for the recovery of property and personal injury damages resulting from an automobile accident. From judgment in favor of plaintiff in the principal sum of $2,800.13 plaintiff has appealed, seeking an increase in the amount of the award.
Negligence was admitted and the only issue presented on trial and by this appeal relates to the quantum of damages. It is contended on behalf of plaintiff that the lower court erred in abusing the "much discretion" rule by awarding a grossly inadequate amount of damages.
Plaintiff claimed damages for pain and suffering, loss of wages, and special damages for medical expenses and the destruction of his automobile. The award of the trial court, as evidenced by the trial judge's written opinion, was made up of the item of $800.13 for special damages, and the allowance of the sum of $2,000.00 for pain, suffering and physical disability. In brief before this court counsel for plaintiff urges an increase in the judgment to the principal sum of not less than $6,300.13, which is itemized as representing $4,000.00 for pain and suffering; $1,500.00 for loss of earnings, and the special damages in the amount of $800.13.
On trial of the case expert testimony with reference to the nature and extent of plaintiff's physical injuries was given by Dr. Michaud, the treating physician, and Dr. Cline, an orthopedic specialist. The testimony of these witnesses was in substantial agreement and was based upon x-rays and physical examinations. It is abundantly clear that plaintiff suffered a number of superficial injuries, specifically a bruise of the right foot, a slight injury to a hand, and bruises of the chest and abdomen. Although these injuries caused a degree of pain and discomfort, it cannot be concluded that they were serious in degree or endured for more than a comparatively brief period of time. The most serious injury was a sprain of the cervical muscles and ligaments, commonly known as a whiplash injury, of moderately severe degree. Plaintiff was hospitalized for one week and was disabled for a period of three to four months following the accident, during which time he continued to suffer considerable pain and discomfort. Plaintiff's treatment was hampered and his suffering enhanced to some extent by reason of a pre-existing condition of palsy which caused a spasmodic jerking of the neck muscles and prevented the effective use of traction or a cervical collar in connection with his treatment for the neck injury.
The testimony of both the medical experts is in agreement to the effect that plaintiff completely recovered within a maximum period of four months following the accident. Under these circumstances, we find no justification for a conclusion that the trial judge was guilty of an abuse of discretion in fixing the award for pain and suffering and physical disability in the amount of $2,000.00.
It is urgently contended that plaintiff sustained a substantial loss of earnings by reason of his disability caused by the injuries described. The only proof of loss of earnings contained in the record is evidenced by a statement prepared by plaintiff and supported by his testimony, showing amounts received in connection with the conduct of his operations as a water well driller in a total sum of $2,134.00 covering a period of approximately three months immediately prior to the date of the accident. So far as can be ascertained from the record, this amount represented gross receipts from plaintiff's operations and there is no basis for the establishment of net earnings. We agree with the trial judge that the evidence on this point was inadequate to establish any definite and measurable amount of damages. Although it is reasonable to conclude that plaintiff did suffer a loss of earnings, a court is not justified in fixing damages in the absence of definite proof. It is well established that speculation and conjecture cannot be *676 accepted as a basis for fixing loss of earnings or profits from a business; Breeland v. North Amsterdam Casualty Co. (La.App. 1st Cir., 1962), 142 So.2d 514; Jenkins v. Audubon Ins. Co. (La.App. 1st Cir., 1959), 110 So.2d 221, and cases therein cited.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.