297 So.2d 708 (1974)
Floyd N. WRITTEN, Plaintiff-Appellant,
v.
The POLICE JURY OF the PARISH OF ST. MARY, Defendant-Appellee.
Angle DUAY and Richard LeBlanc, Plaintiffs-Appellants,
v.
The POLICE JURY OF the PARISH OF ST. MARY, Defendant-Appellee.
Nos. 9896, 9897.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Wm. Henry Sanders, Jena, for plaintiffs-appellants.
M. J. McNulty, Jr., Franklin, for defendant-appellee.
Before SARTAIN, BAILES and VERON, JJ.
SARTAIN, Judge.
These two consolidated cases arise out of an accident which occurred on April 13, 1972, at the intersection of St. Peter and *709 Forty Arpent Roads located in Iberia Parish, Louisiana. The trial judge sustained motions for summary judgment in both cases, from which judgments plaintiffs have appealed. We affirm.
The principal basis for the trial judge's sustaining the motions for summary judgment is that this intersection is located wholly within Iberia Parish and therefore St. Mary Parish had no responsibility in the matter.
Plaintiffs' petition alleges that on or about April 13, 1972, Carl O. Duay and Richard LeBlanc were riding as guest passengers in a car owned by Garber Brothers, Inc. and operated at the time by Roland J. Solar. Duay was killed and LeBlanc sustained very serious injuries.
Forty Arpent Road runs in a generally north-south direction and forms a T intersection with St. Peter Road which runs in a generally east-west direction. The Solar vehicle was traveling in a southerly direction on Forty Arpent Road when, according to the petition, the driver failed to observe that Forty Arpent Road ended at St. Peter Road. Their car proceeded on and ran into a ditch located to the south of St. Peter Road which admittedly is in St. Mary Parish.
One of the affidavits relied on by the defendant is that of Theodore F. Kramer, a Registered Land Surveyor. Attached to Mr. Kramer's affidavit is a plat showing that all of Forty Arpent Road is situated in Iberia Parish and that the entirety of the hard surfaced portion of St. Peter Road is also located in Iberia Parish. The south line of the paved portion of St. Peter Road is the boundary line between Iberia and St. Mary Parishes. The traffic lights located at this intersection are over the hard surfaced portions of the roads and are, therefore, in Iberia Parish. However, it is evident that a portion of the shoulder of St. Peter Road is located in St. Mary Parish and that certain traffic or warning signs were placed on the shoulder of the road facing generally in a northern direction, the direction from which the Solar vehicle was traveling. The concluding sentence in the Kramer affidavit reads as follows: "The entirety of the hard surfacing of St. Peter Road and Forty Arpent Road and the travelled portions thereof lie wholly and entirely within the boundaries of Iberia Parish, Louisiana, as more particularly shown on said plan attached hereto." Further, accompanying defendant's motions for summary judgment is an affidavit of Harold J. Landry, who deposed that he is the Road Supervisor employed by the Police Jury of the Parish of St. Mary and that he has under his control and supervision the maintenance of the Parish roads and highways situated within St. Mary Parish; that he is familiar with the location of Forty Arpent Road and St. Peter Road situated north of the corporate limits of the City of Jeanerette, Iberia Parish. Mr. Landry further deposed that no part of the travelled portion of St. Peter Road or Forty Arpent Road at their intersection is located within the boundaries of St. Mary Parish, and further that St. Mary Parish does not maintain, erect, care for, nor is it responsible for any signs, signals, semaphores, lights or warning devices at this intersection either before, during, or after the year 1972. Appellants filed a motion in opposition to defendant's motion for summary judgment generally denying that St. Peter Road lies wholly within the Parish of Iberia; that St. Mary Parish has the responsibility for placing stop signs and other warning devices at the intersection. However, this motion in opposition is not in affidavit form and cannot be considered in any other light than a repetition of plaintiffs' petition.
We quote in its entirety the full affidavit of R. C. Edwins, counsel for plaintiffs, which is the only affidavit filed in opposition to those attached to defendant's motion for summary judgment, to-wit:
"BEFORE ME, appeared, R. C. Edwins, who after being duly sworn did depose and say that he is familiar with the intersection in question and after examining *710 all the affidavits and all the depositions, he is of the opinion that although the pavement lies in the Parish of Iberia, the only feasible way to mark the intersection and the way it was partially marked, was in the Parish of St. Mary and accordingly, there could be liability on the part of the Police Jury of the Parish of St. Mary.
 /s/ R. C. Edwins"
(Emphasis ours)
The affidavit of Mr. Edwins does not rebut those of Messrs. Landry and Kramer. Further, the affidavit asserts a speculative conclusion that St. Mary Parish "could be liable". Thus, in reviewing the affidavits attached to and made a part of the motion and opposition for summary judgment, we are satisfied that no material issue of fact is created. Nor can we see under the affidavits considered where there is any responsibility on St. Mary Parish to maintain a road, the travelled portion of which is located wholly within another parish. While a portion of the shoulder of the road may well be located in St. Mary Parish, and while it is the only place that certain signs may be erected, this imposes no liability upon St. Mary Parish to adequately mark an intersection which lies wholly within the adjoining parish of Iberia.
C.C.P. Article 966 provides as follows:
"Art. 966. Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36 § 1."
Pursuant to this article we have reviewed the interrogatories propounded to the defendant by the plaintiffs and the defendant's answers thereto. These interrogatories are generally directed to the proposition that certain employees of St. Mary Parish are charged with the responsibility of maintaining adequate markings at the intersection to warn motorists traveling south on Forty Arpent Road that said road terminated at its intersection with St. Peter Road. These interrogatories were answered in the negative and therefore support the defendant's position rather than the plaintiffs' position. We note this because in oral argument and in brief plaintiffs assert that we can consider such interrogatories.
C.C.P. Article 967 requires that opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence. The affidavit of Mr. Edwins falls short of this requirement.
The plaintiffs cannot successfully oppose motions for summary judgment filed herein based solely on the allegations or denials of the petition, but must file counter affidavits or give stated reasons why they cannot present facts by affidavit in support of their opposition to the motion. Roach v. Liberty Mutual Insurance Co., 279 So.2d 775 (1st La.App., 1973); writs refused, 281 So.2d 756 (La.).
Accordingly, for the above reasons, the judgment of the trial court sustaining defendant's motions for summary judgment is affirmed at appellants' costs.
Affirmed.