BOUTALL, Judge.
This is a suit by Myrtle Cobb Wilson and her husband James Wilson, against New Orleans Public Service, Inc. for damages arising out of personal injuries to Mrs. Wilson and damage to the community vehicle, which she was driving. The collision occurred at the intersection of Tulane Avenue and S. Galvez St. in the City of New Orleans when Mrs. Wilson attempted to make a right turn maneuver in front of a NOPSI bus. The trial court found the bus driver to be negligent and Mrs. Wilson to be contributorily negligent, dismissing the suit. The plaintiffs have appealed.
This suit was consolidated for trial with case '#7268, Mrs. Ada Mae Thompson, et al v. Frank Russo, et al,[1] a suit brought by the passengers on the bus against both New Orleans Public Service and Mrs. Wilson.
The primary issue in this case is the negligence of the two drivers, Mrs. Wilson and Frank Russo, the bus driver. According to Russo, he had stopped his bus some distance back from the bus stop sign in order to take on passengers because another bus was already occupying the bus stop. As he was taking on a passenger, the other bus pulled off, and Mrs. Wilson, approaching from the rear, made a sharp right turn maneuver attempting to pull in front of the bus, cut too sharply and struck the parked bus with her right side. On the other hand, Mrs. Wilson contends that she was following behind the bus, with another vehicle between them when the bus pulled into the bus stop. The other vehicle swung to its left, proceeded around the bus and turned right onto Tulane Avenue. Mrs. Wilson also swung left and proceeded to turn right in front of the bus in order to enter Tulane Avenue. During the course of this maneuver, the bus pulled out and struck the right rear quarter panel of her vehicle.
Besides the testimony of the two drivers, there was testimony from three passengers on the bus, and the passenger in Mrs. Wilson’s car. The trial court in its reasons for judgment stated that it was not impressed with the testimony of the bus driver, Frank Russo, and neither are we. His testimony is contrary to the preponderance of the evidence in most respects. That preponderance shows that the bus was moving at the time of the collision and we have no difficulty affirming the finding of negligence made by the trial court against him.
The trial court also found contributory negligence by Mrs. Wilson, and we are presented with a very close question on that issue. It is argued on her behalf that she was proceeding in her proper lane for *683 a right turn, that the bus was stopped at the bus stop along the curbing, and that she was actually on the roadway of Tulane Avenue, having made her right angle turn when her vehicle was struck. If these were the facts, we would be compelled to agree with her contention that the case of Farris v. NOPSI, 242 So.2d 335 (La.App. 4th Cir. 1971) would be controlling of the situation here. However, we must note that in our case, unlike Farris, the trial judge found the right turning driver to be negligent, and there is sufficient evidence in the record to support this finding and differentiate these facts from the facts in Farris.
The testimony of the witnesses to this accident is not so clear as to permit the finding of a perfectly precise set of facts. What impresses us most is that the evidence does show that Mrs. Wilson did not completely get to the corner of Tulane Avenue in order to make her right turn maneuver. While unquestionably the bus driver was incorrect in asserting that the bus was at least some forty feet from the corner (the length of the other bus), it is equally ascertainable that the collision did not occur right at the intersection, but some distance back on Galvez Street in the bus stop itself. Mrs. Wilson stated that she was attempting to turn onto Tulane in order to be able to let off her passenger at a restaurant a short distance from the corner. The passenger testified that it was not his intention to go to that restaurant but instead to catch a bus at that corner, and while he insists that he could have caught another bus just as easily as the one parked in the bus stop, he also testified that Mrs. Wilson, after beginning her turn, could have left him off on Galvez Street just as readily as turning the corner onto Tulane Avenue. We also refer to Mrs. Wilson’s explanation as to the location and direction of her vehicle after the collision. She stated that the vehicle was headed towards the bakery at the corner, because it had been turned in that direction due to the collision. While this offers to us a reasonable explanation for the direction in which the car was heading, it also leads us to believe that the location of her car was some distance back on Galvez from the point of the intersection itself. Under these circumstances we believe it reasonable for the trial judge to have concluded that Mrs. Wilson actually made her right turn maneuver into the bus stop itself rather than around the point of the intersection, and such a maneuver in front of a stopped bus which she had been following for some distance constitutes negligence. We find no manifest error in the ruling of the trial judge.
Accordingly, for the reasons above assigned, the judgment appealed from is affirmed at appellants’ cost.

Affirmed.

. Our opinion and decree in that consolidated case were handed down this day. See, La.App., 328 So.2d 683.