BOUTALL, Judge.
This is a companion case to case #7267, Myrtle Cobb, wife of and James Wilson v. New Orleans Public Service, Inc., decided this day. This suit is brought by plaintiffs as passengers on the New Orleans Public Service bus, which was involved in a collision with a vehicle driven by Mrs. Wilson at the corner of S. Galvez St. and Tulane Avenue. The trial court found negligence on the part of the bus driver, Frank Russo, and since he was in the course and scope of his employment, vicariously upon New Orleans Public Service, Inc. The court also found Mrs. Wilson to be negligent and cast all three defendants in judgment.
We have discussed the facts and the negligence of the defendants in the *685 companion case and we see no necessity to discuss them here.[1]
Suffice it to say that our examination of the record finds ample support for the conclusion of the trial judge that both drivers were negligent and caused the accident complained of. The remaining issue before us is twofold: 1.) Whether the plaintiffs were actually passengers on the bus; and 2.) The amount of damages to be awarded.
The plaintiffs herein are a mother, daughter, and granddaughter, who allege that they boarded the Galvez bus at its starting point at Galvez and Poydras and were passengers at the time of the collision, when the bus reached the Tulane Avenue stop. At that stop, another passenger got on the bus.
In contradiction of the testimony of two of the plaintiffs (the granddaughter was only an infant some 4 months old), the bus driver testified that there were no passengers on his bus from the beginning of his run until the passenger embarked at Tulane Avenue, and that this passenger was the only passenger he had. The passenger who embarked at Tulane Avenue testified that there were no other passengers on the bus, corroborating the testimony of the bus driver. The trial judge noted that he placed no reliance on the testimony of the bus driver, and as we stated in the companion case, we agree with that determination. Nevertheless there is the testimony of the boarding passenger, entirely unrelated to the driver or bus company, who also testified there were no other passengers aboard.
The situation obviously is one of credibility of the witnesses, and the trial judge chose to believe the testimony of the plaintiffs. In support of his finding, we refer to the testimony of the other defendant herein, Mrs. Wilson, who testified that there were indeed more than one passenger on the bus at the time of the collision. The trial judge apparently chose to place more reliance upon the testimony of this defendant, who was actually testifying against her interest, than upon the other passenger, an independent witness. We find no error in this determination. The trial judge is in a better position to assess the weight and sufficiency to be given to the testimony of the witnesses where there are no physical facts to dispute one or the other, and in this case we agree with his decision, that plaintiffs were indeed passengers on the bus.
The other issue in this case is quantum. The infant child, Shermane Robertson, was awarded $250.00 plus medical fee in damages. The record discloses that she suffered no serious injury, but was simply shaken up and became excited and fretful, and suffered some anorexia. The doctor prescribed tranquilizers for the child and there have apparently been no problems since. We affirm the award.
Both Ada Mae Thompson and Landa Hall were thrown back and forth in their seat when the collision took place and both suffered from a strain of the musculature along the lumbar spine. They were treated by Dr. Macaluso who prescribed physiotherapy and analgesics, and both recovered uneventfully. Landa Hall underwent longer treatment than Mrs. Thompson. The trial judge awarded Mrs. Thompson $775.00, plus medical expenses, for her injuries, pain and suffering; and awarded Landa Hall $975.00, plus medical expenses for her injuries, pain and suffering. In relating these awards to the injuries sustained, it appears that they are perhaps lower than the average award for injuries of similar nature, but such damages cannot be fixed with preciseness and are within the discretion of the trial judge. La.Civil Code Art. 1934(3). For us to increase the award granted these two plaintiffs would simply be a substitution of our opinion for that of the trial judge. We find no manifest error in the award.
*686 For the reasons above assigned, the judgment appealed from is affirmed. We, note that all parties appealed in this case, and that in the companion case we assessed costs against Mr. and Mrs. Wilson. Considering the relative positions of the parties on this appeal and in view of our assessment in the companion case, we assess all costs of this appeal against New Orleans Public Service, Inc.

Affirmed.

. Our opinion and decree in that consolidated case were handed down this day. See 328 So.2d 681.