334 So.2d 486 (1976)
Colia PRESTON
v.
CHRYSLER MOTOR(S) CORPORATION et al.
No. 10730.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
Rehearing Denied June 30, 1976.
Writ Refused October 1, 1976.
John B. Noland, Baton Rouge, for defendant-appellant Brignac Dodge, Inc. (with Breazeale, Sachse & Wilson, Baton Rouge), for appellant.
Freddie Pitcher, Jr., Baton Rouge, for appellee.
Carey J. Guglielmo, Baton Rouge, for Chrysler Motors.
James Moore, Baton Rouge, for Magic City Motors.
Before SARTAIN, EDWARDS, and CHIASSON, JJ.
CHIASSON, Judge.
The plaintiff-appellee, Colia Preston, filed suit against Chrysler Motors Corporation, Brignac Dodge, Inc., and Magic City Motors, Inc. for damages sustained in a single car accident on November 16, 1974. The accident resulted from the failure of a lower control arm assembly on appellee's automobile. At the trial on the merits, the Trial Court held Brignac Dodge, Inc., appellant, individually liable for the accident and dismissed the suit as to the other defendants. The appellee was awarded damages *487 by the District Court in the amount of $8,741.96, itemized as follows:

$2,500.00 Personal Injury Award
$4,540.00 Lost Earnings
$ 120.00 Medical Expenses
$1,407.96 Automobile Rental
$ 174.00 Wrecker Charges
========
$8,741.96 TOTAL

Brignac Dodge, Inc. moved for a new trial in the District Court limited to reargument of the amount awarded for automobile rental charges and of lost wages. After reargument the Trial Court reduced the award allowed for automobile rental from $1,407.96 to $498.06 and let stand the award of $4,540.00 for lost wages. The parties only disagreement with the Trial Court's determination and the only issue presented to this Court in this appeal is the amount of the award for lost wages.
In the initial calculation of the award for lost wages the Trial Court determined appellee's gross earnings for a ten month period in 1974 to be $21,313.94. Since the appellee, a commission salesman, had no record of his expense for this period, (appellee's records had been stolen from his automobile) the trial judge used a 47 percent expense factor, based on appellee's 1972 income tax return, to establish appellee's net income. Using this factor the trial judge computed appellee's net earnings for the ten months to be $11,297.00. It appears that in calculating appellee's net monthly income from this figure the trial judge transposed a number. As a result he based his award to appellee on a net monthly income of $1,297.00 rather than the $1,129.70 which should have been used. Therefore, the award to appellee for the loss of three and one-half month's wages should be $3,953.95 rather than the $4,540.00 awarded.
Counsel for the appellant argued on rehearing that the Trial Court erred in its determination of the expense factor. According to appellee's 1972 income tax return, appellee had a gross income of $23,449.03. On this same return appellee listed deductions of $10,949.31 for "other business expenses" (expenses for telephone calls, hotels and motels, gas and oil, cleaning fence lines, small tools, and miscellaneous) and an additional $8,486.09 in other specific deductions (depreciation, repairs, insurance, legal and professional fees, and commissions). The Trial Court used the former figure in calculating its 47 percent expense factor. Counsel for the defendant contends that the total amount of deductions, $19,435.40, should be used in calculating the expense factor. Use of this figure gives an expense factor of approximately 83 percent and a net income for the three and one-half month period of $1,280.00.
The amended reasons for judgment given by the trial judge state the Court's belief that the 47 percent expense factor reflects the true ratio of appellee's expenses to gross income. The basis for this holding by the Trial Court was a finding of appellee's changed circumstances (plaintiff had a smaller territory to cover and no longer incurred hotel and motel expenses) and that though depreciation was a valid item as a tax deduction, it should not be used to determine the actual lost earnings of a commission salesman.
The loss of appellee's expense records for 1974 makes determination of his net income for that year difficult. Where it is clear that the appellee has suffered some damage his demand will not be rejected because he cannot establish the exact loss suffered. In such cases the Court must fix the quantum as best it can. The Trial Court is vested with much discretion in the assessment of such damages. Brantley v. Tremont & Gulf Railway Co., 226 La. 176, 75 So.2d 236 (1954). Under the facts of this case it cannot be said that the Trial Court abused its much discretion. Net taxable income may be useful as a measure of loss of earnings in those cases in which the claimant is engaged in a business in which expenses are *488 obviously deductible from gross income in order to determine taxable income or wages. Reeves v. Louisiana and Arkansas Railway Co., La.App., 304 So.2d 370 (1st Cir., 1974). However, net taxable income is not synonymous with the actual loss to the appellee. The former is used to determine a claimant's tax liability, the latter is a measure of the injury done to him.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended to reduce the award for lost wages from $4,540.00 to $3,953.95, thereby reducing the total amount of the award from $7,832.06 to $7,246.01, and in all other respect the amended judgment of the Trial Court rendered on November 21, 1975 is affirmed. All cost of this proceeding to be paid by the appellant.
AMENDED AND AFFIRMED.