341 So.2d 58 (1976)
UNITED CREDIT PLAN OF JENA, INC., Plaintiff-Appellee,
v.
Sammie HAILEY, Defendant and Third-Party-Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, Third-Party-Defendant-Appellee.
No. 5651.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
*59 William Henry Sanders and J. P. Mauffray, Jr., Jena, for third-party-plaintiff-appellant.
Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
The original plaintiff, United Credit Plan of Jena, Inc., instituted this suit against Sammie Hailey to recover the amount due on a promissory note. Hailey answered and filed a third party demand against David M. Deville and Aetna Casualty & Surety Company, claiming damages resulting from a motor vehicle accident. Judgment was rendered by the trial court on October 29, 1974, in favor of United Credit Plan and against Hailey on the principal demand, that is, plaintiff's claim for judgment on the promissory note. No appeal was taken from that judgment.
A settlement was entered into between Hailey and Deville, and Hailey thereupon voluntarily dismissed his third party action against Deville on May 7, 1974, leaving Aetna as the sole remaining third party defendant. The third party action then was tried, and judgment was rendered by the trial court on June 28, 1976, in favor of Hailey and against Aetna, for the sum of $1,379.24. Hailey appealed.
This suit and a companion suit were before us on a prior occasion, at which time we reversed summary judgments which purported to dismiss both actions as to Aetna. See United Credit Plan of Jena, Inc. v. Hailey, 311 So.2d 539 (La.App. 3 Cir. 1975), and Hailey v. Aetna Casualty & Surety Company, 311 So.2d 542 (La.App. 3 Cir. 1975).
The principal issue presented on this appeal is whether Aetna was obligated at the time of the accident to provide Hailey with uninsured motorist coverage with limits up to $20,000/$40,000, instead of $10,000/$20,000.
The accident which gave rise to Hailey's third party demand occurred on October 31, 1973, in Rapides Parish. Hailey was driving his automobile west on Louisiana Highway 28. He brought his car to a stop behind an unidentified west-bound vehicle which had stopped on the highway preparatory to making a left turn. While he was stopped in that position, another unidentified car approached from the rear, but it veered to its right and traveled along the north shoulder of the road, passing on the right side of the Hailey car. A fourth vehicle being driven by Deville then approached from the east and struck Hailey's automobile in the rear. The blow caused Hailey's car to strike the unidentified automobile ahead of it slightly. The Hailey car did not come in contact at any time with the other unidentified vehicle which veered to its right onto the north shoulder of the road. Hailey and his wife sustained serious injuries as a result of the accident.
At the time the accident occurred there was in effect an automobile liability policy issued by State Farm Mutual Automobile Insurance Company to Deville, insuring the latter against liability, with limits of $10,000/$20,000. As already noted, a settlement was entered into between Hailey and Deville, and a receipt and release was given to Deville and State Farm, his insurer.
There also was in effect at the time of the collision an automobile liability policy issued by Aetna to Sammie Hailey covering two automobiles, one of which was the vehicle which was involved in the above accident. That policy provided liability coverage *60 of $10,000/$20,000 for each of the two covered vehicles, and it also provided uninsured motorist coverage of $5,000/$10,000 for each of those vehicles.
Plaintiff Hailey had borrowed a sum of money from United Credit Plan to purchase the automobile involved in the above accident, and as evidence of that indebtedness he executed and delivered to United Credit Plan a promissory note, dated August 7, 1973, for $4,981.68, made payable in monthly installments. He failed to make the monthly payments as they became due, and United Credit Plan thereupon instituted this suit against Hailey to recover the amount due on that note. Hailey then filed a third party action against Deville and against Aetna, seeking to recover the damages which he sustained as a result of the accident. He alleges that Aetna is liable to him under the uninsured motorist coverage provided in the policy which it had issued to Hailey.
The case was tried by jury and the jury made several special findings, including findings (1) that Hailey was free from negligence, (2) that the unidentified motorist who stopped on the highway in front of Hailey was not negligent, (3) that there was no physical contact between the Hailey car and the other unidentified vehicle which drove on the north shoulder of the road, and (4) that Deville was negligent. The trial judge, accepting those findings, held that Hailey was entitled to stack his uninsured motorist coverage for both of the insured vehicles, and that the policy which Aetna issued to Hailey thus provided him with uninsured motorist coverage of $10,000 for bodily injury sustained by one person and $20,000 for each occurrence. Since that coverage was equal to the primary liability coverage carried by Deville, the trial court concluded that Deville was not an "under-insured motorist," that the uninsured motorist coverage in the Hailey policy did not come into play, and that Hailey was not entitled to recover from Aetna under the uninsured motorist provisions of that policy. The trial judge thus rejected that part of Hailey's demands against Aetna which were based on the uninsured motorist provisions, but he rendered judgment in favor of Hailey and against Aetna for $1,379.24 under the medical payments and collision provisions of the policy.
Hailey contends on this appeal that the drivers of both of the unidentified vehicles involved in the accident were negligent. We agree with the jury and the trial judge that the drivers of those two vehicles were not negligent. We also note that the unidentified vehicle which veered to its right on the shoulder of the highway could not be held to be covered as an "uninsured automobile" or a "hit and run automobile," since there was no "physical contact" between that vehicle and the Hailey car.
The third party plaintiff takes the position, however, that prior to the accident Aetna, through its agent, had obligated itself to provide him with uninsured motorist coverage in the aggregate sum of $20,000/$40,000, that Deville thus was an "under-insured motorist," and that Hailey and his wife are each entitled to recover up to $10,000 from Aetna under the uninsured motorist provisions of the policy.
Mr. and Mrs. Hailey had obtained their automobile insurance for years through the Bradford Insurance Agency, and their policies during that time were issued by Aetna. The policy which was in effect at the time of the accident covered the period from May 9, 1973, to May 9, 1974. As already noted, it provided liability coverage of $10,000/$20,000 and uninsured motorist coverage of $5,000/$10,000.
Mrs. Hailey testified that during the latter part of 1972, or the first part of 1973, she visited the Bradford Insurance Agency and requested "full coverage" increase in her automobile insurance policy. She explained that she was interested in bidding on a contract to deliver mail, and that if the contract was awarded to her it required her to use her own car and to carry liability insurance with minimum limits of $10,000/$20,000. She stated that she specifically requested as much uninsured motorist coverage as she could get, and that when *61 she left the agency she felt that all of her insurance coverage would be doubled.
Mr. Hailey takes the position that the Bradford Agency agreed to provide the additional uninsured motorist coverage requested, and that when it agreed to do so the contract of insurance became effective, even though a policy containing the agreed coverage was never issued. Bradford Insurance Agency is not a party to the suit, and Hailey does not seek to recover from that agency. He contends, however, that the Bradford Agency was the agent of Aetna, and that Aetna was bound by the agreement made by its agent.
No one in the Bradford Agency remembered Mrs. Hailey's visit to that office. The only document produced which indicates that such a visit was made is a copy of a letter dated December 10, 1971, written by Sue Ray, an employee of the agency, to Mr. James P. Jordan, who was responsible for taking bids for rural mail delivery routes. The letter advises that if Mrs. Hailey's bid for the rural star route is accepted, the Bradford Agency will obtain the liability insurance on her car up to the required $10,000/$20,000 limits. There is nothing in the letter, however, which refers to uninsured motorist coverage. The policy which was issued more than one year later provided for liability limits of $10,000/$20,000, and uninsured motorist coverage of $5,000/$10,000, and there is nothing in the record to show that Mr. or Mrs. Hailey objected to the provisions of that policy.
The evidence does not convince us that Mrs. Hailey ever made it clear to the Bradford Agency that she wanted uninsured motorist coverage of $10,000/$20,000, or that the Bradford Agency ever agreed to provide that particular coverage for her or her husband.
Assuming, however, that the Bradford Agency agreed to provide the Haileys with uninsured motorist coverage at the increased limits, the question is presented as to whether Aetna is bound by that agreement. To answer that question, it is necessary to determine whether the Bradford Agency acted as an insurance broker, or as an agent for Aetna, in dealing with Mrs. Hailey.
In Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La.App. 3 Cir. 1972), affirmed 281 So.2d 728 (La.1973), we quoted with approval the following statement in Appleman, Insurance Law and Practice, Sec. 8725:
"A person delegated to solicit insurance for a particular company, and to refrain from soliciting insurance for any other company, is an agent, and not a broker. The fundamental distinction in the legal result is that the acts of one procuring insurance as the agent of the insurer are imputable to it, while those of one acting as the agent of the insured, or as a broker, are not; the broker representing the insured for the purpose of procuring the policy, and the insurer only in order to receive and transmit the premium."
The evidence in the instant suit shows that the Bradford Agency was a general insurance agency, representing several different companies. It had not been delegated by Aetna to solicit insurance for that particular company and to refrain from soliciting insurance for any other company. The agency had the right to "bind" Aetna for insurance coverage, but the latter could reject or terminate that binder later despite the agreement of Bradford. In this instance, the letter written by an employee of Bradford on December 10, 1971, indicates that that agency may place the additional primary liability coverage requested in some company other than Aetna.
Our conclusion is that the Bradford Agency was an insurance "broker" and that it was acting as agent for the insured when it negotiated with Mrs. Hailey for additional coverage. The request made by Mrs. Hailey, or any commitment which may have been made to her by Bradford, was not binding on Aetna, and apparently Aetna has never accepted any such commitment. We find, as did the trial court, that Aetna did not agree, through the Bradford Agency or through any other authorized representative, to provide uninsured motorist *62 coverage to the Haileys in excess of that provided in the above policy.
Hailey contends, finally, that Aetna was required by LSA-R.S. 22:1406 D (1), as amended by Act 154 of 1974, to provide uninsured motorist coverage of "not less than the limits of bodily injury liability provided by the policy," that is limits of $10,000/$20,000.
Act 154 of 1974 requires automobile liability insurance policies to include uninsured or under-insured motorists coverage "in not less than the limits of bodily injury liability provided by the policy," unless that coverage is rejected by the insured. That act, however, had not been enacted when the above policy was issued by Aetna. The law which was in effect at that time had no such requirement.
Hailey argues that the 1974 act was remedial or curative in nature, and that it thus should be applied retrospectively. He bases that argument on language used in the title of the act, to the effect that the statute is to "clarify the definition of an uninsured motor vehicle and the scope of coverage relative thereto."
We believe that Act 154 of 1974 makes a substantive change in the law, that it was not intended as remedial or curative legislation, and that it should not be given retroactive effect.
In our opinion, there is no error in the judgment of the trial court which rejects Hailey's demands against Aetna under the uninsured motorist provision of the policy.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to third party plaintiff-appellant, Sammie Hailey.
AFFIRMED.