342 So.2d 1130 (1977)
Harold Glenn SCOGGINS et al., Plaintiffs-Appellants,
v.
Charles B. SMITH et al., Defendants-Appellees.
No. 11086.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Joseph A. Gladney, Baton Rouge, of counsel for plaintiffs-appellants.
Bart Eaton, Baton Rouge, of counsel for defendants-appellees.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This is an appeal from a judgment sustaining a motion for summary judgment.
Plaintiffs sued Charles B. Smith, his employer, Florida Parishes Recappers, Inc. (Recappers), and its alleged liability insurer, Newark Insurance Company of New York *1131 (Newark), a member of the Royal-Globe Insurance Group.
The accident giving rise to this litigation occurred on November 4, 1973. Newark in its motion for summary judgment attached a certified copy of its policy showing the effective dates thereof to be February 9, 1972 through February 9, 1973. It is their position that inasmuch as the accident occurred some nine months after the expiration of the policy period and the policy was not renewed before it lapsed, it afforded no protection.
Plaintiffs counter with the argument that Dameron-Jones, Inc. (Dameron), a general insurance agency in Hammond, Louisiana, is the agent of Newark; that Dameron was negligent in not timely renewing the policy; and, that Dameron's negligence is imputable to Newark.
The depositions and affidavit offered by Newark in support of its motion disclosed the following facts:
Recappers had for at least thirteen years prior to the accident obtained all of its insurance through the Dameron agency. When a policy was about to expire Dameron would automatically renew the same and bill Recappers for the premium.
Dameron is an insurance agency. It sells all types of insurance and represents numerous companies. It may place the insurance it sells with any one of the companies it represents. At the time of the accident and for several years prior thereto Dameron placed all of its casualty insurance with Newark. Mr. Dameron deposed that the subject policy was not renewed upon its expiration through an oversight on his company's part. He stated that with respect to liability insurance for commercial vehicles (such as here involved) he did not have the authority to renew the same without first submitting it to Newark for renewal. In instances such as the present one his office would forward to Newark all of the pertinent data relative to the insured, whereupon Newark would type the policy and transmit it to Dameron for forwarding to the designated insured.
The affidavit of Mr. Howard Pope, commercial lines manager of Newark, confirmed the above procedure and further corroborated the lack of authority on Dameron's part to renew a commercial policy without prior approval.
The deposition of Pete S. Danna, general manager of Recappers, disclosed that the latter was not concerned about the details of coverage or the placement of its insurance but left the entirety of these matters in the hands of Dameron.
The above statements of fact were not countered by plaintiffs. In response to Newark's motion and the aforementioned depositions and affidavit, plaintiffs submitted only an affidavit of their counsel, which affidavit referred only to the basic allegations of negligence of Dameron and the averment of an agency relationship between Newark and Dameron as set forth in plaintiffs' supplemental and amending petitions. This response contains nothing more than mere conclusions of law. Written v. Police Jury of Parish of St. Mary, 297 So.2d 708 (La.App. 1st Cir. 1974).
C.C.P. Art. 966 sanctions the use of a motion for summary judgment to dispose of litigation where there is no genuine issue as to a material fact.
The trial judge found (and we agree) that the foregoing depositions and affidavit do not present any factual contradictionsonly conclusions based upon the facts. The issue presented is whether these facts establish a legal relationship between Newark and Dameron as that of principalagent to the extent that vicarious liability is imposed on the former for the acts of the latter.
In Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968), the Supreme Court, through Justice Barham, stated that the legal relationships of principal-agent, employer-employee, and master-servant may not be equated with each other. In drawing a distinction between the principalagent relationship which imposes vicarious liability and a similar denoted relationship *1132 which does not, the court stated: 215 So.2d 902, 906, 907
"A master or employer is liable for the tortious conduct of a servant or employee which is within the scope of authority or employment, but a principal is not liable for the physical torts of a non-servant agent.
"`A principal is not liable for the harm caused by negligent physical activities of a non-servant agent. * * *' Seavey, Law of Agency, § 91, I, p. 161.
"`A principal is not liable for physical harm caused by the negligent conduct of a non-servant agent, during the performance of the principal's business * * *.' Restatement of the Law Second, Agency 2d, sec. 250, p. 549.'
"The comment under this section states the problem succinctly:
"` * * * Thus, the principal is not liable for the negligent physical conduct of an attorney, a broker, a factor, or a rental agent, as such. In their movements and their control of physical forces, they are in the relation of independent contractors to the principal. It is only when to the relation of principal and agent there is added that right to control physical details as to the manner of performance which is characteristic of the relation of master and servant that the person in whose service the act is done becomes subject to liability for the physical [tortious] conduct of the actor. * * *'
"Although a servant may possess the qualities of an agent, all agents do not qualify as servants. The master-servant relationship cannot be equated with the principal-agent relationship. Employeremployee status may be included within the master-servant relation, but principal-agent status cannot unless the agent is also a servant. Neither jurisprudence nor modern commerce will allow us to define `servant' as one who does only physical acts. `Servant' must be interpreted as that particular kind of agent who has a very close economic relation to, and is subject to very close control by, the principal. A servant is one who offers his personal services for a price. He is an integral part of his employer's business and must submit to the control of his physical conduct as well as of his time. A non-servant agent contributes to the business of his employer, but he is not such a part of it that his physical acts and the time to be devoted to the business are subject to control."
Unless the agent may also be deemed a servant or employee of the principal, his negligent acts may not be imputed to his principal. See Ocmond v. Eserman, 259 So.2d 600 (La.App. 4th Cir. 1972), writs refused 261 La. 825, 261 So.2d 230 (1972). The test generally is one of control.
In the instant case Dameron was not required to place applications for casualty insurance for its customers with Newark. It could not bind Newark on renewals and both Newark and Dameron were privileged to discontinue their relationship at anytime. Further, Newark could not determine and had no control over any of the details of how Dameron conducted its business. Dameron was truly an independent insurance agency. Under these circumstances, Newark cannot be held liable for the negligent act of Dameron when the latter, by oversight, failed to secure the renewal of Recappers' liability insurance.
Plaintiffs' alternative argument is that Newark is liable for its failure to notify Recappers twenty days prior to the expiration of its policy in accordance with the provisions of R.S. 22:636.1(D)(E) and our holding in Auto Owners Insurance Company v. Freret, 280 So.2d 638 (La.App.1973). The vehicle sought to be covered is the same vehicle as described in the policy, namely, a 1972 Chevrolet pickup truck. It is also not disputed that at the time of the accident Recappers' employee was acting within the course and scope of his employment. Under these circumstances, the twenty day notice generally required by R.S. 22:636.1(D) is not required. Paragraph (A) of Section 636.1 specifically includes a policy issued to a "single individual or husband *1133 and wife resident of the same household" covering a "private passenger or station wagon type" vehicle. More particularly, the statute excludes any other type vehicle "used in the occupation, profession or business of the insured." We have carefully examined the attached policy and find no automatic renewal provisions or any other contractual language that conforms to plaintiffs' contention that the policy was either automatically renewed or that the insured was otherwise entitled to notice prior to the expiration of its policy. It is evident that the legislature sought to exclude policies covering commercial vehicles from any notice requirement or statutory obligation of renewal.
Accordingly, for the above reasons, the judgment of the district court is affirmed at plaintiffs' costs.
AFFIRMED.