CHIASSON, Judge.
This is an appeal of a summary judgment dismissing the suit of Stanley and Ruth Ortego, plaintiffs-appellants, against Texaco, Inc., defendant-appellee.
The appellants’ son, Michael Ortego, was killed in an industrial accident at the Texaco yard in Morgan City on September 14, 1974. Michael Ortego’s death is alleged to have occurred in the course and scope of his employment by Howard Trucking and Construction Company, Inc.
The accident occurred when pipe owned by Texaco rolled off a truck owned by King Trucking Company while it was being loaded onto the truck by a crane owned and operated by Howard Trucking.
Among other actions, the appellants filed a tort suit against Texaco. Texaco filed a Motion for Summary Judgment on which no further action appears to have been taken and an Exception of No Cause of Action which was denied after a hearing.
Texaco then filed another Motion for Summary Judgment with supporting affidavit. After a hearing judgment was rendered by the District Court dismissing appellants’ suit against Texaco. It is this judgment which has been appealed.
The errors complained of by appellant are:
1. The Honorable Sixteenth Judicial District Court erred when it granted the motion for summary judgment on behalf of Texaco, Inc. because the affidavits filed in support of the motion failed to comply with the Code of Civil Procedure and failed to meet the test as set forth in Written v. St. Mary Parish Police Jury, 297 So.2d 708.
2. Assuming arguendo,. Judge Robert Fleming was correct in his granting summary judgment to Texaco, he erred in failing to grant the motion for partial summary judgment filed by King Trucking Company.
3. The Honorable Sixteenth Judicial District Court erred in failing to conclude that Willie Henderson was an omnibus insured and thus covered by the insurance issued by Hartford Accident and Indemnity Company notwithstanding that the trailer was inadvertently not insured.
The requirements for affidavits filed in support of a motion for summary judgment are set forth in C.C.P. Art. 967 which provides in part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . .
The affidavit filed by Texaco states: “BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the State and Parish aforesaid, personally came and appeared Biliy R. Wilson, a resident of the Parish of St. *1261 Mary, State of Louisiana, who, being first duly sworn, did depose and say:
1.
“That Mr. B. R. Wilson, affiant, is employed by Texaco, Inc., defendant herein, as Asst. Dist. Supervisor (Materials & Supplies), that he is, therefore, competent to testify to the facts herein set forth, and that he knows the facts herein set forth of his own personal knowledge.
2.
“Texaco, Inc. is in the general oil field business, including but not limited to, roustabouting, pipe loading and unloading and pipe hauling and transportation.
3.
“In order to accomplish its general oil field services in its Morgan City Yard, Texaco, Inc. has entered into a miscellaneous work agreement with Howard Construction Company, Inc., dated March 3, 1969, a copy of said agreement being attached hereto and made a part hereof.
.4.
“The above referred to miscellaneous work agreement between Texaco, Inc. and Howard Construction Company, Inc. was in effect on or about September 17, 1974, and covered work to be performed in Texaco, Inc.’s Morgan City Yard.”
The above affidavit does not fulfill the requirement set forth in C.C.P. Art. 967 that the affidavit show affirmatively that the affiant is competent to testify to the matters contained therein. This requirement is met when the affidavit sets forth facts which would enable a Court to make a determination as to the competency of the affiant as a witness to the material facts at issue. Benoit v. Burger Chef Systems of Lafayette, Inc., La.App., 257 So.2d 439 (1st Cir. 1972). The statement that the affiant is “Asst. Dist. Supervisor (Materials & Supplies)” for Texaco, Inc. is not, by itself, evidence by which a Court could determine whether or not the affiant is competent to testify to the facts contained in the affidavit.
The remaining errors alleged by the appellants do not relate to the judgment which has been appealed and cannot be considered by this Court.
For the above reasons, the judgment appealed from is reversed and the matter remanded to the District Court for further proceedings. Costs of this appeal to be paid by appellee.
REVERSED AND REMANDED.