381 So.2d 855 (1980)
Arthur BRITTEN
v.
Thomas L. PAYNE et al.
No. 13016.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Rehearing Denied March 31, 1980.
Writ Refused May 19, 1980.
*856 Joel B. Dickinson, Baton Rouge, of counsel for plaintiff-appellee, Arthur Britten.
Kenneth R. Williams, Baker, of counsel for defendant and third party plaintiff-appellant, Thomas L. Payne.
James E. Moore, Baton Rouge, of counsel for third party defendant-appellee, Aetna Cas. & Sur. Co.
Herschel C. Adcock, Baton Rouge, of counsel for third party defendant-appellee, Kenilworth Ins. Agency, Inc.
James L. Ellis, Baton Rouge, of counsel for intervenor-appellee, Travelers Ins. Co. and W. J. Spano Co., Inc.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is an automobile accident case. The primary issue is whether the defendant, Thomas L. Payne, Sr., is covered by an automobile insurance policy which Aetna Casualty and Surety Company claims has been cancelled.
Plaintiff, Arthur Britten, filed suit against the defendant Payne for damages incurred as a result of an automobile accident between plaintiff and defendant's minor son, Thomas Payne, Jr. The defendant answered the suit and filed a third party petition against Kenilworth Insurance Agency and Aetna Casualty and Surety Company, seeking to have these third party defendants hold him harmless for any damages he might be required to pay and seeking attorney's fees for defending the suit. Two parties intervened in the suit seeking property damages, but these parties are not before us on appeal and the $450.00 judgment in their favor is final.
The trial court awarded plaintiff $1,282.00$750.00 for pain and suffering, $40.00 for medical, $12.00 for prescriptions and $480.00 for lost wages. In his first judgment he held Aetna liable for all damages the defendant was required to pay, but after reargument he relieved both Aetna and Kenilworth of liability, finding there was no insurance policy covering the defendant for this accident. The defendant Payne has timely brought this appeal.

THIRD PARTY DEMANDS
Our main concern is whether the trial judge, after reargument of the case, erred in relieving Aetna and Kenilworth of liability for the damages the defendant had to pay. The trial court initially held Aetna liable for the damages but reversed itself after reargument on the ground that Aetna had effectively cancelled the defendant's liability insurance policy.
A somewhat detailed delineation of the facts of this case is important to show the relationship of the parties. On September 8, 1977, Mrs. Thomas L. Payne applied for an automobile insurance policy from the Kenilworth Insurance Agency in Baton Rouge. She sought coverage for herself, her husband and her minor son on three different automobiles. A Kenilworth employee took the policy information on an application form supplied by Aetna. The employee quoted a premium price of $213.59 at the time the application was taken and Mrs. Payne made a downpayment of $85.00 on the total premium price. Mrs. Payne was told by the Kenilworth employee that the remaining premium amount could be paid in three monthly installments of $42.83 each and that the installments should be made in response to billing notices from Aetna. The Kenilworth employee subsequently placed the insurance with Aetna Casualty and Surety Company and Aetna later issued a policy, dated September 8, 1977. The policy contained a total premium price of $265.00, but Mrs. Payne testified she did not notice the discrepancy in premium prices at that time.
Sometime in late October Mrs. Payne received the first premium billing notice. The notice stated that a minimum sum of $127.00 or a total sum of $180.00 was due at that time. Mrs. Payne testified that she felt there was some mistake in this amount and that instead of paying the minimum of $127.00 she forwarded Aetna a money order for $42.83, the price she had agreed upon *857 with the Kenilworth employee. Aetna accepted the payment.
However, on November 24, 1977, Aetna mailed the Paynes a notice of cancellation, stating that unless the total premium amount of $138.54 was paid by December 8, the policy would be cancelled effective December 13, 1977. At this time Mrs. Payne called Clayton Shill, president of Kenilworth Insurance Agency, in regard to the premium discrepancy. There is conflict in the testimony as to whether Mrs. Payne mentioned the cancellation notice to Mr. Shill. She said she did; he said she didn't. In any event, the premium discrepancy was discussed and Mrs. Payne thereafter mailed a $70.00 money order to Aetna instead of paying the minimum amount specified in the cancellation notice. The testimony shows clearly that Mrs. Payne believed the $70.00 payment would keep the policy in effect.
On December 15, 1977, some 11 days prior to the accident, Aetna sent a computerized statement showing the policy was cancelled along with a refund check of $55.46 to the Kenilworth Insurance Agency. Both the cancellation statement and the refund check were to be forwarded to the Paynes in the event that the Kenilworth Agency did not have a setoff for the amount of the refund. However, neither the refund check nor the cancellation certificate was ever sent to the Paynes. Eleven days after the policy was allegedly cancelled, on Christmas Eve 1977, young Thomas Payne, Jr. was involved in an automobile accident. A few days after the accident, Mrs. Payne informed the Kenilworth agency of the accident. Upon learning of the claim against it, Aetna refused coverage.
There is no question that the Kenilworth employee who quoted the premium price to Mrs. Payne was in error. The actual premium was more than $50.00 above that quoted by Kenilworth.
Testimony at trial conclusively shows that Kenilworth had been a licensed agent of Aetna since about 1974 and that the Kenilworth agency was authorized to quote premiums, premium schedules and payments. Mr. Shill testified that his agency had authority to bind Aetna on the issuance of a policy, and he indicated that he could bind Aetna on the premium quotes he made to potential insureds, subject to Aetna's approval. Aetna's New Orleans comptrollerthe only Aetna employee to testifyreiterated that Kenilworth had been a licensed agent of Aetna since 1974. The application form filled out by the Kenilworth employee and signed by Mrs. Payne was furnished by Aetna and bore Aetna's insignia and an Aetna sign or monogram appeared on the plate glass window near the entrance of the Kenilworth Agency. Other evidence shows that Kenilworth placed only about one-third of its insurance with Aetna.
The question we must decide, given the facts listed above, is whether Kenilworth was Aetna's agent so as to bind Aetna for the premium price and other conditions quoted by the Kenilworth employee, or whether Kenilworth was a broker acting as the agent of the Paynes.
In oral reasons for his first judgment, the trial judge had no doubt that Kenilworth was Aetna's agent. However, he did not base his decision on this finding but rather on the fact that Aetna had failed to send the refund check directly to the Paynes' residence in violation of R.S. 22:636(D) and had therefore failed to cancel the policy. After reargument the judge reversed himself and held that Aetna did not have to send the refund check directly to the Paynes to effect cancellation of the policy. The trial judge then absolved both Aetna and Kenilworth of any liability towards the Paynes.
Aetna's counsel cites a number of cases concerning the distinction between an agent and a broker. Karam v. St. Paul Fire and Marine Insurance Company, 265 So.2d 821 (La.App.3rd Cir.1972), affirmed for other reasons, 281 So.2d 728 (La.1973); and United Credit Plan of Jena, Inc. v. Hailey, 341 So.2d 58 (La.App.3rd Cir.1976). In a recent opinion in this court, Scoggins v. Smith, 342 So.2d 1130 (La.App.1st Cir.1977), we held that an agent's tortious conduct cannot be imputed to the principal.
*858 We think these cases, combined with the factual setting in this case, show that Kenilworth was not Aetna's agent for purposes of binding Aetna to the premium price quoted by Kenilworth. Of particular importance is the fact that Kenilworth could only quote premiums and premium schedules but could not bind Aetna prior to Aetna's approval of a policy. Additionally, Kenilworth was not bound to place all its insurance with Aetna but could place the coverage with any company with which it was licensed to do business. Indeed, only one-third of Kenilworth's business went to Aetna. The facts show that Kenilworth, at the time it took the application from Mrs. Payne, was a broker acting in behalf of the Paynes and not as an agent of Aetna. Karam v. St. Paul Fire and Marine Insurance Company, supra; United Credit Plan of Jena, Inc. v. Hailey, supra; Scoggins v. Smith, supra.
Our inquiry does not end here, however. While Kenilworth is not an agent of Aetna under the general principles of agency law, Kenilworth was a broker as that term is understood in our law, La.C.C. arts. 3016, 3017, and as such was the agent of the Paynes. Karam, supra. Kenilworth stood in a fiduciary relationship to the Paynes, and was answerable to them for its fault and neglect in failing to notify them of the policy cancellation. La.C.C. arts. 3003, 3018. The Paynes were certainly under the impression that they were covered by insurance on the date of the accident. Kenilworth was solely at fault for failing to notify them that the policy had been cancelled. In short, Kenilworth violated its contractual obligation to the Paynes, and by its negligence, prevented the Paynes from being covered by insurance on the date of the accident. Kenilworth must therefore bear the responsibility for the damages assessed against the Paynes. La.C.C. arts. 3003, 3018; Walker v. Fontenot, 329 So.2d 762 (La.App.1st Cir.1976), writ denied 332 So.2d 217 (La.1976); Board of Trustees of Phillips Memorial Methodist Church v. St. Louis Fire & Marine Insurance Company et al., 306 So.2d 777 (La.App.4th Cir.1974).

QUANTUMPRINCIPAL DEMAND
While the negligence of the defendant's son is not at issue on appeal, the defendant contends that the trial court's award of $1,282.00 was excessive and erroneous, particularly the $480.00 awarded for lost wages. At trial, plaintiff alone testified as to the amount of wages he lost as a result of the accident. No effort was made to introduce income tax returns, W-2 forms or any other corroborative evidence to substantiate plaintiff's claims on the issue of wage loss, and no evidence was offered to show that such corroborating proof was unavailable. Plaintiff did attempt to offer an affidavit of his employer attesting to the wages he previously earned, but this proof was properly excluded, there being no indication that the employer was unavailable or that other proof was lacking. We therefore feel the trial judge was in error in awarding damages for lost wages, so the judgment on the principal demand will be reduced accordingly. Boyles v. Bridgeman, 342 So.2d 1150 (La.App.1st Cir.1977).
However, we feel the trial judge's award for general damages was inordinately low for the type of injury involved here.
Testimony shows that plaintiff's injuries were diagnosed as lumbrosacral myalgia, which is an inflammatory reaction in the low back skeletal muscles and which can lead to disc problems; arthralgia of the left hip, which is a painful inflammatory reaction of the hip joints; and foreign matter in the right ear. The plaintiff visited the doctor four times after the accident and still complained of pain on the last visit. Plaintiff testified that he still has pain in his hip and his back and that he quit his job as a stock puller at an auto parts house because of hip pain when climbing up and down the stairs. We think the lowest amount the trial judge could have awarded without abusing his discretion was $2,000.00.
The defendant also seeks attorney's fees against Kenilworth. The claim has a basis in equity, perhaps, but our law does *859 not allow an award of attorney's fees against an agent in this type of case. La.R.S. 22:658; Board of Trustees of Phillips Memorial Methodist Church v. St. Louis Fire & Marine Insurance Company et al., supra; Bordelon v. Herculean Risks, Inc., 241 So.2d 766 (La.App.3rd Cir.1970).
Therefore, for the above and foregoing reasons, the decision of the trial court in favor of plaintiff and against defendant Payne is amended to increase the award for pain and suffering, medical expenses and prescriptions to $2,052.00; the decision of the trial court for lost wages is reversed; the decision of the trial court relieving Aetna of liability is affirmed; and the decision of the trial court relieving Kenilworth of liability to the Paynes is reversed, with Kenilworth to pay all damages awarded and all costs of this appeal.
AMENDED IN PART, REVERSED IN PART AND RENDERED.