LOTTINGER, Judge.
The plaintiff brings this breach of contract action claiming that a building constructed for him by the defendant was defective in a number of ways. The trial court found that a number of defects were proven, including an unlevel concrete slab and improperly installed insulation.
Although the plaintiff introduced no evidence to show how much the various defects would cost to repair, the trial judge determined on his own that the plaintiff sustained a loss of $12,372.00. He held further that since the plaintiff had withheld $6,372.00 of payments to the defendant, the defendant’s total liability to the plaintiff for the defects was $6,000.00.
The defendant specifies a number of errors on appeal, but the primary issue is whether the trial court correctly awarded damages in light of the fact that no evidence concerning the cost of repairing the defects was introduced at trial. The plaintiff admits that he failed to prove the cost of repair, but he submits that the trial court had discretion under La.C.C. art. 1934 to assess an appropriate amount of damages.
While the trial judge certainly has wide discretion in awarding damages, there must be some reasonable evidence in the record upon which he bases his award. Proof of defect in construction is only a prerequisite to proof of damages. After proving a defect, the plaintiff must plow forward with proof of extent of damages-in this case, the cost of repairing the defects.
From a careful review of the testimony, we agree with the trial court’s findings concerning the various defects in the building. We disagree, however, with his assessment of damages because there was a dearth of evidence in the record to support a damage award. We will remand this case for the narrow purpose of receiving evidence concerning the cost of repairing the defects proven at trial by plaintiff.
Therefore, for the above and foregoing reasons, the decision of the trial court finding that certain defects existed in the building’s construction is affirmed; the decision of the trial court awarding the plaintiff a total of $6,000.00 in damages is reversed; and the case is remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.