STANDARD PLUMBING SUPPLY COMPANY, a Utah Partnership, Etc., Plaintiff-Appellee Cross-Appellant,

v.

UNITED STATES STEEL CORPORATION, Defendant-Appellant Cross-Appellee.

No. 82–3115.

United States Court of Appeals, Fifth Circuit.

March 1, 1983.

Rehearing and Rehearing En Banc Denied April 18, 1983.

Breazeale, Sachse, & Wilson, Claude F. Reynaud, Jr., Baton Rouge, La., for defendant-appellant cross-appellee.

Maughan, Atkinson & Martin, Roy Maughan, Baton Rouge, La., for plaintiff-appellee cross-appellant.

Before RANDALL and HIGGINBOTHAM, Circuit Judges, and BUCHMEYER *, District Judge:

PER CURIAM:

The plaintiff, Standard Plumbing Supply Company, had a contract with the defendant, United States Steel Corporation, to purchase certain waste products from a U.S. Steel plant. Standard used the waste products to manufacture plastic pipe. This Louisiana diversity suit arises out of U.S. Steel's termination of the contract without notice.

The district judge, in a careful and thorough opinion, found that there had been an oral contract without any specified termination date, and that under Louisiana law such a contract could be ended only upon the giving of a reasonable notice period. Those findings are not challenged. The district judge further found that, under the circumstances of the case, six months would have been a reasonable notice period, so that Standard was entitled to whatever damages it had suffered from the failure to give six months' notice. The district court acknowledged that Standard had failed to produce any probative evidence of the amount of its damages, although such evidence was in its possession, and that in such a situation Louisiana law ordinarily allows only nominal damages. He went on to

* District Judge of the Northern District of Texas, sitting by designation.

state, however, that "[u]nder Louisiana law, much discretion in the award of damages is left to the fact-finder," *Standard Plumbing Supply Co. v. United States Steel Corp.*, 530 F.Supp. 580, 585 (M.D.La.1982), and in the exercise of that discretion he awarded Standard $50,000.

Both parties have appealed. U.S. Steel seeks reduction of the award to nominal damages, not to exceed $1000; Standard insists that a reasonable notice period would have been one or two years and that it is entitled to at least $300,000.

We have examined the record in the case and find that the evidence fully supported all of the district judge's factfindings. We are also in accord with his analysis of Louisiana law, except for the single holding that he had discretion to award more than nominal damages in this case.

■ Louisiana law is quite clear on this point: when the items of damage are of a nature susceptible to proof of amount, and the plaintiff can prove them but does not, only nominal damages may be awarded. *E.g., Britten v. Payne*, 381 So.2d 855, 858 (La.App.), *writ denied*, 384 So.2d 800 (La. 1980); *Freeman v. G.T.S. Corp.*, 363 So.2d 1247, 1251 (La.App.1978); *Casadaban v. Bel Chemical & Supply Co.*, 322 So.2d 854, 858–59 (La.App.1975); *Peoples Moss Gin Co. v. Jenkins*, 270 So.2d 285, 288–89 (La.App. 1972). The district judge found, and the record confirms, that the plaintiff failed to offer any evidence of the amount it lost in any of its three categories of alleged damage (lost profits, lost markets, and decrease in value of plant). As the district judge observed: "This is not a situation where the amount of damages cannot be proved with reasonable certainty .... Certainly [Standard] maintains the usual business and accounting records which would establish its [damages] .... For undisclosed reasons, plaintiff has simply chosen not to produce this evidence." *Standard Plumbing*, supra, 530 F.Supp. at 584.

■ Standard argued below and reurges here that damages may be calculated by multiplying the twenty cents per pound that it was saving by buying the waste products from U.S. Steel instead of buying fresh products elsewhere by the number of pounds of the products that U.S. Steel sold to others during what should have been the notice period. The basic problem with this method, as the judge below noted, is that there is no demonstrated correlation between this figure and Standard's lost profits. The fact that Standard's materials costs increased does not prove an identical decline in profits.

Further, there was no support for the twenty cents per pound figure. Standard's principal manager, Reese, stated that he estimated that the cost of the waste plus the cost of recycling it would be twenty cents per pound less than the cost of fresh material, but on cross-examination he acknowledged that the recycling costs were figured on the basis of a different company's plant, which used a different process and different machinery and operated at a smaller volume. Reese offered no evidence of costs, sales, or profits to support the twenty-cent figure. Under Louisiana law, this lack of specificity and supporting evidence, when such evidence could have been produced, precludes the basing of a damage award on Reese's estimate. *Britten v. Payne, supra; Freeman v. G.T.S. Corp., supra; Casadaban, supra; Jones v. Rodgers*, 179 So.2d 674, 675–76 (La.App.1965); *Jenkins v. Audubon Insurance Co.*, 110 So.2d 221, 225–26 (La.App.1959).

■ The district judge's only error was his holding that, despite the lack of evidence, he had discretion to award more than nominal damages. He cited no authority for this proposition, and we have found none: the Louisiana cases permitting such discretionary awards are cases where either the damages are of a type not susceptible of reasonably exact proof or the plaintiff is unable to prove them. *See, e.g., Preston v. Chrysler Motor(s) Corp.*, 334 So.2d 486, 487–88 (La.App.), *writ denied*, 337 So.2d 877 (La.1976) (plaintiff had lost expense records); *Thompson v. Russo*, 328 So.2d 683, 685 (La.App.1976) (pain and suffering); *Roshong v. Travelers Insurance Co.*, 281 So.2d 785, 789 (La.App.1973) (plaintiff unable to prove amount).

There is authority for remanding a case to enable a plaintiff to prove the amount of damages when it has failed to do so originally. *Harding v. Coleman,* 388 So.2d 59 (La.App.1980). We do not feel that such a procedure is appropriate in this case, however, since the district court found that Standard could have proved its damages but simply elected not to.

We do not reach Standard's contention that six months was an inadequate notice period, since Standard failed to prove damages in any period.

We find that Standard failed to prove its damages although the necessary evidence was available to it, and therefore only nominal damages are appropriate. We therefore VACATE the award and REMAND the case for entry of an award not in excess of $1000.

VACATED and REMANDED.