468 So.2d 1382 (1985)
Nelson DEROUSELLE, Plaintiff,
v.
George K. KONECNY, Defendant.
No. 84 CA 0189.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1383 Edward J. Milligan, Jr., Lafayette, for plaintiff Nelson Derouselle.
Robert L. Ellender, Lafayette, for intervenor-appellee Audubon Ins. Co.
Sera H. Russell, III, Lafayette, for defendant George K. Konecny.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an action for damages sustained as a result of an automobile accident.
On January 8, 1982, plaintiff, Nelson Derouselle, was involved in an automobile accident when the car in which he was a passenger was rear-ended by defendant George K. Konecny. At the time of the accident, plaintiff was engaged in the performance of his duties as an employee of Exclusive Industries. As a result of the accident, plaintiff sustained a moderate cervical strain, which prevented him from working for several weeks. He was paid worker's compensation benefits from March 1, 1982, until April 11, 1982, by Audubon Insurance Company, the worker's compensation insurer for Exclusive Industries.
Thereafter, plaintiff filed suit for damages against Konecny and his liability insurer, Tri-State Insurance Company. Audubon Insurance Company intervened, seeking reimbursement of any worker's compensation benefits paid and credit for any future compensation benefits which might be paid.
At the trial of this matter, Tri-State Insurance Company stipulated liability, and suit against George K. Konecny was dismissed. Thus, the only issue at trial was the amount of damages. The trial judge awarded the total sum of $4,007.08, specifically awarding $507.08 for medical expenses, $1,500.00 for lost wages, and $2,000.00 for general damages. In addition, the trial judge rendered judgment in favor of intervenor for $1,380.08 for worker's compensation and medical benefits paid.[1]
Plaintiff appeals alleging that the trial judge erred in his assessment of the lost wages and general damage awards. Intervenor *1384 Audubon answered the appeal seeking to have the trial court's judgment modified to allow it a credit for future compensation benefits against the excess of plaintiff's judgment over the amount of benefits already paid. Defendant Tri-State Insurance Company also answered the appeal, seeking a reversal of that portion of the trial court's judgment awarding lost wages.

LOST WAGES
Plaintiff contends that the trial court erred in awarding only $1,500.00 for lost wages. Plaintiff reasons that he is entitled to $7,334.00 for lost wages based upon his testimony that at the time of the accident he was earning $2,000.00 a month and that, as a result of the accident, he was unable to return to work for three and two-thirds (3 2/3rds) months.
Defendant contends that plaintiff is not entitled to lost wages. In support of his contention, defendant relies on Britten v. Payne, 381 So.2d 855 (La.App. 1st Cir.1980), writ denied, 384 So.2d 800 (La.1980). In Britten, supra, this court reversed a trial court award of lost wages and held that plaintiff's uncorroborated testimony, without proof that such corroborating evidence was unavailable, was insufficient to establish proof of lost wages.
However, in Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), the Supreme Court held a claim for loss of earnings may be proved solely by the plaintiff's testimony, if it is found credible by the trial court, although the better practice is to introduce corroborating testimony. See Nolan v. Ochello, 433 So.2d 1100 (La.App. 1st Cir.1983), writ denied, 441 So.2d 210, 211 (La.1983) and Vega v. State Farm Auto. Ins. Co., 401 So.2d 368 (La.App. 1st Cir.1981). This court is bound to follow the rule set forth in Jordan and, therefore, abandons the rule adopted in Britten and its progeny. See also Fogg v. Lott, 444 So.2d 177 (La. App. 1st Cir.1983).
In the instant case, plaintiff testified that at the time of the accident he was earning $2,000.00 a month. This was neither corroborated nor contradicted. He also testified that he was unable to return to work for over three months and received $2,000.00 from his employer as salary for the month of January. Dr. Ricardo Leoni, plaintiff's treating physician, testified a cervical strain takes two to four months to resolve itself and plaintiff was not able to return to work until May 20, 1982. Dr. William L. Meuleman examined plaintiff on April 6, 1982, on behalf of defendant. He testified the injury suffered by plaintiff normally heals within a six week period and plaintiff was capable of returning to work as of April 6, 1982. The parties stipulated plaintiff was paid compensation benefits for temporary total disability from March 1, 1982, to April 11, 1982, a six week period.
In reaching factual conclusions (such as the length of time for which lost wages are due), the finder of fact need not accept all of the testimony of any witness as being true or false and may believe and accept a part or parts of a witness' testimony and refuse to accept any part or parts thereof. Holmes v. Southeastern Fidelity Ins. Co., 422 So.2d 1200 (La.App. 1st Cir. 1982), writ denied, 429 So.2d 133 (La.1983). Here, the trial court apparently accepted the testimony that plaintiff was incapable of working for a period of time after January 31, 1982, when his regular salary payments terminated. We agree with this factual finding. However, the district court award of $1,500.00 (wages for ¾ths of a month until February 21, 1982) is not supported by the evidence. Dr. Leoni and the plaintiff testified plaintiff could not return to work until May 20, 1982. Apparently, the district court did not accept as credible this portion of their testimony. After reviewing the record, we cannot say this finding of fact is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The only other pertinent evidence of record is that of Dr. Meuleman that plaintiff was capable of returning to work as of April 6, 1982. Apparently, Dr. Meuleman's report was the basis upon which compensation benefit payments were terminated on *1385 April 11, 1982. Based on Dr. Meuleman's testimony, plaintiff is entitled to loss of wages from February 1, 1982, until April 6, 1982, a period of 2¼ months, or $4,500.00. Accordingly, the district court award for lost wages is amended to increase it from $1,500.00 to $4,500.00.

REIMBURSEMENT OF WORKER'S COMPENSATION BENEFITS
Intervenor contends that the trial court erred in failing to award Audubon Insurance Company an equitable credit equal to the difference between the amount paid in past compensation benefits and the amount of the award for lost wages and medical benefits.
LSA-R.S. 23:1103 provides:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
Clearly, when there is an excess amount awarded to plaintiff over the amounts paid to the intervening compensation insurer, the liability of the insurer for future compensation and medical benefits ceases for an equal portion of compensation that is due and satisfied by that excess tort recovery. In other words, the compensation carrier is entitled to a credit against any future compensation and medical expenses it may owe to the extent of tort recovery. Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980); Johnson v. Harry Jarred, Inc., 391 So.2d 898 (La.App. 2nd Cir.1980); Billeaud v. United States Fidelity & Guar. Co., 349 So.2d 1379 (La.App. 3rd Cir.1977); Barrois v. Service Drayage Company, 250 So.2d 135 (La.App. 4th Cir. 1971), applications denied, 259 La. 805, 806, 253 So.2d 66 (1971).
In the case sub judice, the trial court awarded $507.08 for medical expenses and $1,500.00 for lost wages. The trial court awarded intervenor $282.08 for reimbursement of medical expenses paid and $1,098.00 for reimbursement of compensation benefits paid. Therefore, intervenor is entitled to a credit of $225.00 for any future medical expenses it may be obligated to pay. However, because we have increased the trial court's award for lost wages from $1,500.00 to $4,500.00, intervenor is entitled to a credit of $3,402.00 for any future compensation benefits it may be obligated to pay.

GENERAL DAMAGES
Plaintiff contends the trial judge abused his discretion in awarding general damages of $2,000.00. Plaintiff reasons that the evidence established that he experienced pain in the cervical area for over four months as a result of the automobile accident, that he was forced to change his lifestyle as a result of the pain, and that he is still experiencing pain, all of which justify a higher award for general damages.
We have thoroughly reviewed the record, and, although we would have awarded plaintiff a larger amount in general damages, we cannot substitute our own evaluations for those of the trial judge. Nor can we say that the trial judge abused his much discretion in making the general damage award of $2,000.00. Smith v. Louisiana Farm Bureau Mut. Ins. Co., 440 *1386 So.2d 801 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1226 (La.1984); Johnson v. Carter, 430 So.2d 1163 (La.App. 1st Cir. 1983); Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writs denied, 433 So.2d 1056, 1057 (La.1983).

CONCLUSION
For the above reasons, the judgment of the trial court is amended, and judgment is rendered in favor of plaintiff increasing the award for lost wages from $1,500.00 to $4,500.00. Additionally, the judgment of the trial court is amended, and judgment is rendered in favor of intervenor, decreeing that Audubon Insurance Company is entitled to a credit of $225.00 for future medical expenses and a credit of $3,402.00 for any future workmen's compensation benefits which it may become obligated to pay. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiff.
AMENDED AND AFFIRMED.
NOTES
[1] This portion of the judgment in favor of intervenor, Audubon Insurance Company, has been paid and is not before us on this appeal. In brief, Tri-State set forth that after trial it paid the judgment for $1,308.08 in favor of intervenor, Audubon and received a release of all claims by Audubon. However, Audubon answered the appeal requesting modification of the judgment asking that it receive an equitable credit for any future liability for workmen's compensation and medical expenses paid after the date of the judgment and in an amount equal to the amount of judgment in favor of Derouselle which exceeded the $1,308.08 previously paid by Audubon. Therefore, as between Derouselle and Audubon, Audubon is still a viable party.