518 So.2d 574 (1987)
Henry SENEZ
v.
GRUMMAN FLXIBLE CORP., et al.
No. CA-7448.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Rehearing Denied January 14, 1988.
Writ Denied March 18, 1988.
*575 Lawrence J. Centola, Jr., Carmouche, Gray and Hoffman, New Orleans, for defendant-appellee, Bendix Corp.
Sidney D. Torres, III, Gregory J. Noto, Law Offices of Sidney D. Torres, III, Chalmette, for plaintiff-appellee, Henry Senez.
Madeleine Fischer (appeal counsel), Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, John A. Cvejanovich, Guinan and Cvejanovich, Springfield, Mass., for defendant-appellant, Grumman Flxible Corp.
James Maher, III, New Orleans, for defendant-intervenor-appellant, New Orleans Public Service, Inc.
Before BARRY, LOBRANO, and WARD, JJ.
WARD, Judge.
In this products liability suit, Grumman Flxible Corporation appeals a judgment in favor of Henry Senez which held that there was a design defect in the air brake system of a bus manufactured by Grumman and sold to New Orleans Public Service, Inc. NOPSI also appeals, seeking modification of the portion of the judgment granting reimbursement for worker's compensation benefits and medical expenses it paid to Senez. The suit was filed as the result of an accident which occurred on the evening of June 5, 1981 while Senez was performing his assigned duties as a service worker at the NOPSI bus "barn." Senez's job was to check the oil level and the tires on each bus as it was driven through his service aisle. As he was closing the engine compartment door at the rear of one bus, Senez turned around and saw Bus 315, with another NOPSI employee at the wheel, coming toward himabout an arm's length away. Senez attempted to jump onto the bumper of the approaching bus, but he was crushed between the two buses.
Senez sued Grumman, the manufacturer of NOPSI Bus 315, and Bendix Corporation, the manufacturer of components of the bus's air brake system, alleging that Bus 315 was unreasonably dangerous in normal use because of its propensity toward unexpected brake failure. NOPSI intervened in the suit for reimbursement of worker's compensation paid to Senez.
*576 A jury found Grumman liable for the defective design, manufacture or construction of the brake system on Bus 315. Bendix was found not liable. The Trial Judge rendered judgment in accordance with the $800,000.00 en globo verdict in favor of Senez. Out of this amount, NOPSI recovered reimbursement in the amount of $72,149.68.
In its appeal, Grumman assigns error in: (1) the Trial Judge's refusal to strike the jury venire after its members allegedly heard remarks prejudicial to Grumman; (2) the exclusion of certain photographs from evidence; (3) the Judge's failure to instruct the jury to assign negligence to NOPSI; and (4) the excessiveness of the damage award. Senez answered the appeal, requesting an increase in the damages. We affirm the Trial Court judgment but amend it to clarify NOPSI's reimbursement and credit for compensation payments.
In its first assignment of error, Grumman contends that it is entitled to a new trial because the entire jury venire allegedly heard prejudicial remarks made by a prospective juror during voir dire. The prospective juror, a former NOPSI employee, was asked by Grumman's counsel whether he had an opinion or bias concerning the safety of the Grumman buses. According to Grumman, instead of answering yes or no to the question, the man made a series of derogatory remarks about the Grumman buses. The Trial Judge excused the man for cause, and admonished the venire to disregard the remarks.
The voir dire was not recorded by the court reporter, and the parties were unable to agree upon a stipulation as to the content of the remarks or as to the circumstances surrounding them. After the incident, Grumman asked for a new venire. The Trial Judge denied the request, and Grumman made a general objection. On appeal, Grumman contends that the derogatory remarks were heard by the entire jury venire and that all the jurors were therefore prejudiced against Grumman's case.
In order to provide this Court with something more than its general objection to review, Grumman's appeal counsel moved to correct an omission of the trial record as permitted by Article 2132 of the Code of Civil Procedure:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the Trial Court or by the order of the appellate court.
Claiming that the voir dire is an omission of a material part of the trial record, Grumman asks this Court to "correct" the omission because attempts to obtain a stipulation or to elicit a statement from the Trial Judge were unsuccessful. After the record has been transmitted to the appellate court, however, the general rule is that it can be corrected or supplemented only if the omitted evidence was actually introduced at trial. Bullock v. Commercial Union Insurance Co., 397 So.2d 13 (La.App. 3rd Cir. 1981). Not only was the voir dire not recorded in the Trial Court, but even Grumman's trial counsel makes only a generalized and conclusory statement of the incident. We are not presented with a specific and verified account of the incident which occurred during voir dire; hence we cannot construct the facts.
Moreover, having apparently failed to question other jurors about the effect the remarks had on them, Grumman has not proved that the jurors were influenced by the remarks. Also, Grumman has not shown that the Trial Judge's admonition plus his excusing the NOPSI employee for cause were insufficient to alleviate any potential prejudice. A trial judge is given broad discretion in defining the scope of voir dire, and his rulings will not be disturbed absent abuses of that discretion. Mobley v. General Motors Corp., 482 So.2d 1056, 1060 (La.App. 3rd Cir.1986). We find no abuse of discretion in the Trial Judge's refusal to strike the jury venire.
Grumman's second assignment of error is that the Trial Judge erred by excluding certain photographs from evidence. The photographs, taken two years after the *577 accident, showed improperly positioned valves on several NOPSI buses. Although the photographs did not depict Bus 315, Grumman argues that the photographs supported its defense that NOPSI did not properly maintain the buses and that improper maintenance, rather than a design defect, caused the brake failure.
There is testimony in the record indicating that NOPSI may not have always followed the manufacturer's specifications as to the positioning of the valves, but that evidence does not show that improper positioning of the valves would necessarily lead to brake failure. More important, there is testimony that a photograph of Bus 315 taken shortly after the accident shows its valves in the proper position. The photographs Grumman sought to introduce were therefore irrelevant and potentially misleading, and the Trial Judge correctly denied their admission into evidence.
Grumman's third assignment of error challenges the Trial Judge's refusal to instruct the jury on the doctrine of comparative negligence and his refusal to submit an interrogatory to the jury which would have required the jury to consider any negligence of NOPSI. The Trial Judge did not err in failing to give instructions on comparative negligence. Comparative negligence is applicable only when the plaintiff is negligent. La.C.C. art. 2323. There is neither allegation nor evidence that Senez was negligent. Cases cited by Grumman in brief and at oral argument in which the plaintiff was negligent are therefore distinguishable and inapplicable.
There is scarcely any evidence of negligence on the part of NOPSI, but even assuming that there was evidence of NOPSI's negligence sufficient to require submission of the issue to the jury, there was no legal basis for doing so because of NOPSI's status as an employer immune from tort liability. Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App. 3rd Cir.1983), writs denied 481 So.2d 1330, 1331 (La.1986); Robertson v. Superior PMI, Inc., 791 F.2d 402 (5th Cir.1986).
Under the law as it existed at the time of Senez's accident, NOPSI's immunity, together with Grumman's position as a solidary obligor with any other tort feasor, make any assessment of NOPSI's negligence meaningless. Accordingly, these factors support the conclusion that the Trial Judge's rulings on jury instructions and interrogatories were correct.
In its final assignment of error, Grumman challenges as excessive the damages award of $800,000.00. As a result of the accident, Senez sustained severe pelvic injuries including broken bones and damage to internal organs. He underwent exploratory surgery and surgery to repair damage to his bladder and urethra, necessitating a two month hospital stay during which he was confined to bed. Eventually, the repair of Senez's urinary tract injuries was largely successful.
During Senez's convalescence, however, he began to experience leg and low back pain. The conservative treatment, which he initially received for what his doctor thought was a pinched nerve, evolved into the need for a myleogram and two back surgeries. At trial, Senez was still suffering from back pain and had experienced drastic changes in his lifestyle. His doctor assessed permanent disability at 30 to 40 percent and testified that Senez needed another myleogram and possibly another back surgery to arrest the continuing back pain. The doctor also testified that Senez most likely will require medication and the care of a physician for the rest of his life. At the time of trial, Senez had accrued medical expenses of approximately $43,000.00.
Although Senez is willing to seek employment, the testimony of the doctors, economist and vocational counselors showed it highly unlikely that Senez could obtain suitable employment. He will never be able to perform manual laborthe work for which he is best suited, and his back pain and related problems would interfere substantially with a sedentary job. The evidence, therefore, assessed Senez's future lost income at $240,374.93 to $307,399.41.
*578 Accordingly, we find no abuse of the jury's discretion in assessing damages. We also find no basis upon which the amount of damages could be raised; hence we reject Senez's sole assignment of error that the damages are inadequate.
We now consider NOPSI's appeal which seeks modification of the portion of the judgment awarding it reimbursement under R.S. 23:1103 for worker's compensation paid to Senez. Pursuant to a stipulation agreed upon during trial, the judgment granted NOPSI $42,280.28 for medical expenses and $29,869.40 for compensation benefits, a total of $72,149.68, to be paid out of Senez's $800,000.00 award. NOPSI now contends that this Court should amend the judgment: (1) to include an additional amount in reimbursement of benefits paid from the date of the stipulation until the date of finality of the judgment; and (2) to give NOPSI a credit for future compensation.
NOPSI is entitled to reimbursement from the third party tort-feasor for all worker's compensation, both medical expenses and weekly benefits actually paid, in preference over the damages recovered for these items by the injured employee. La.R.S. 23:1103. Hence, NOPSI may recover from Grumman in preference to Senez, not only the amounts which were stipulated, but also any other amounts which it has actually paid. NOPSI's first requested modification of the judgment is therefore unnecessary.
NOPSI's claim for reimbursement and its request for a credit are both limited, however, to the amounts which Senez recovered in the tort judgment for medical expenses and lost income. No reimbursement or credit may be taken against that portion of Senez's award which is attributed to damages for pain and suffering. Brooks v. Chicola, 514 So.2d 7 (La.1987). Furthermore, the employer's reimbursement or credit for payment of medical expenses may be taken only against the employee's tort recovery for medical expenses, and the employer's reimbursement or credit for weekly compensation benefits may be taken only against the employee's tort recovery for lost income. Because the jury, pursuant to interrogatories, returned a lump sum verdict, the judgment does not indicate which portion of Senez's award is subject to NOPSI's claims for reimbursement and for credit for future payments.
It is therefore apparent that Senez's lump sum judgment must be itemized before we can recognize NOPSI's claims. Rather than remanding the case to the Trial Court, we have examined the evidence in the record now before us and itemize Senez's $800,000.00 judgment accordingly:

GENERAL DAMAGES $384,220.53
Pain and suffering (not subject
 to any claims by NOPSI)
SPECIAL DAMAGES
Lost income to date of trial $ 49,000.53
Post-trial lost income $307,399.41
Medical expenses incurred to
 date of trial $ 42,779.53
Post-trial medical expenses $ 16,600.00
 ___________
 TOTAL $800,000.00

NOPSI therefore shall recover from Senez's tort award in preference to Senez on the date the judgment becomes final, reimbursement of any medical expenses it has paid on behalf of Senez before trial up to $42,779.53, the amount of Senez's damages for pre-trial medical expenses. Any excess in Senez's award for pre-trial medical expenses over the amount paid to NOPSI shall be paid to Senez. Any medical expenses NOPSI has actually paid on behalf of Senez after trial shall be reimbursed to NOPSI in preference to Senez out of the damages awarded Senez for post-trial medical expenses. The remaining amount paid to Senez for post-trial medical expenses shall be credited to NOPSI's liability for payment of future medical expenses; NOPSI's liability for Senez's future medical expenses shall be deemed satisfied up to an amount equal to the payment made to Senez.
Likewise, on the date that the judgment becomes final, NOPSI shall be paid, out of Senez's tort award in preference to him, reimbursement of any weekly benefits it has paid to Senez before trial up to $49,000.53, the amount of Senez's damages for pre-trial lost income. Any excess in Senez's *579 award for pre-trial lost income over the amount paid to NOPSI shall be paid to Senez. The amount of any weekly benefits NOPSI has actually paid to Senez after trial shall be reimbursed to NOPSI in preference to Senez out of the damages awarded Senez for post-trial lost income. The remaining amount paid to Senez for post-trial lost income shall be credited to NOPSI's liability for future weekly benefits; NOPSI's liability for Senez's future weekly benefits shall be deemed satisfied up to an amount equal to the payment made to Senez.
Accordingly, the Trial Court judgment is affirmed as amended. All costs of appeal to be paid by Grumman Flxible Corporation.
AFFIRMED AS AMENDED.
LOBRANO, J., concurs with reasons.
LOBRANO, Judge, concurring.
I concur in the majority result. The evidence does not support any negligence on the part of NOPSI, therefore there was no error in refusing to charge the jury concerning NOPSI's negligence. However, I am not convinced, as a matter of law, that an employer's negligence cannot be considered by the jury in cases of this nature.
The majority cites Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App. 3rd Cir.1983), writs denied 481 So.2d 1330, 1331 (La.1986). However, an opposite result was reached in Trosclair v. Terrebonne Parish School Board, 489 So.2d 1293 (La. App. 1st Cir.1986), writs denied 493 So.2d 644 (La.1986).
Where the employer is able to recover the compensation and medical benefits out of the judgment awarded its employee against a third party tort feasor, it seems reasonable to allow the tort feasor to reduce his liability by the proportionate fault of the employer. Otherwise, the employer pays nothing, the tort feasor is precluded from seeking contribution in accordance with Civil Code Articles 1804 and 1805, as amended in 1984, and thus is compelled to pay 100% of the damages where he may be less than 100% at fault.