520 So.2d 472 (1988)
Karen HESS
v.
SPORTS PUBLISHING COMPANY, Ray E. Logan, Aetna Insurance Company, John and Betty Vollenweder, Individually and as Parents of the Minor, Lisa Ann Vollenweder and Continental Insurance Company.
No. CA-8211.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Rehearing Denied March 16, 1988.
Writ Denied May 6, 1988.
*473 David M. Packard, Metairie, for defendant/appellee, The Continental Ins. Co.
Dominic J. Gianna, Hammett, Leake & Hammett, New Orleans, for appellee, Aetna Ins. Co.
Louis A. Gerdes, Jr., New Orleans, for plaintiff/appellant, Karen Hess.
Before BYRNES, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Karen Hess, was involved in an automobile accident with Lisa Vollenweder on June 4, 1981. Approximately one month later, on July 13, 1981, Hess was involved in another accident with a vehicle driven by Ray Logan and owned by Sports Publishing Company. Vollenweder was insured by The Continental Insurance Company; Aetna Insurance Company insured Sports Publishing.
The two accidents were combined in a single lawsuit. Additionally, The Insurance Company of North America intervened for worker's compensation payments made to Ms. Hess in the amount of $23,960.00. After a trial on the merits, the jury found in favor of plaintiff. Continental was cast in judgment, as a result of the first accident, in the amount of $42,000.00 in general damages and $23,800.00 for past and future medical expenses. In the second accident the jury found in favor of Ms. Hess and against Aetna, in the amount of $18,000.00 in general damages and $10,200.00 for past and future medical expenses. Judgment was entered accordingly. Subsequent to the verdict and in accordance with the policy limitations, the trial judge apportioned the $5,000.00 policy limits of the Continental policy by awarding $1,800.00 to the compensation carrier and $3,200.00 to the plaintiff. With respect to the claim against Aetna, the court awarded the special damages of $10,200.00 to the intervenor. Plaintiff appealed the judgment.
On appeal plaintiff contends that the trial judge erred by treating the two accidents as consolidated cases thereby requiring the jury to award damages separately for each individual accident rather than treating the accidents as inseparable occurrences causing inseparable injuries. In the alternative, the plaintiff claims that the trial judge should have directed the jury to consider that plaintiff's injuries were caused more by the second accident than the first. And, finally, the plaintiff claims that the intervenor should not have shared in the award of future medical expenses.
Plaintiff's counsel cites the case of Probst v. Wroten, 433 So.2d 734 (La.App. 5th Cir.1982) in support of his argument that the two accidents caused a single injury and, therefore, apportionment of damages on a per accident basis was erroneous. In Probst, the court determined that when the effects of two accidents are clearly capable of being divided then such apportionment is proper. Probst at 737.
Mrs. Probst sustained injuries in two accidents which occurred a year apart. After examining the evidence the Louisiana Fifth Circuit determined that the damages sustained by Mrs. Probst in the two accidents were distinguishable and made a per accident apportionment of damages. On rehearing, the court did not abandon the legal theory of apportionment on a per accident *474 basis but determined that, in light of the evidence presented, the damages sustained by Mrs. Probst were not susceptible to apportionment.
In espousing its theory of apportionment, the Probst court relied on the reasoning enunciated in Hilburn v. Johnson, 240 So. 2d 767 (La.App. 2d Cir.1970), in which two almost simultaneous accidents caused the plaintiff's death. In Hilburn the court held that if two accidents were indistinguishable because of the close proximity of time and place, then there is no intervening cause and, consequently, no division of damages is possible.
The fact that damages cannot always be apportioned in basically simultaneous accidents such as Hilburn is a logical application of the law, however, we believe that Hilburn should be narrowly construed and conclude that the Probst court took the Hilburn rationale far beyond its logical limitations. Apportionment of damages may be almost impossible in basically simultaneous accidents, such as chain reaction automobile collisions, where the damages sustained cannot be properly evaluated between each impact. In those instances, however, where the accidents do not occur close in time, an assessment of the damages from the first accident could or should he made prior to the second accident and would be separable from any damages alleged to have been caused by the second accident. If, upon consideration of testimony and medical evidence, there has been no change in the plaintiff's condition from the first to the second accident then one might conclude that the second accident caused no injury. If this were not the case, then a plaintiff would have been able to prove that the subsequent accident aggravated or compounded injuries sustained in the first accident.
In the case at bar, the accidents were far removed in time and place. The accidents were independent vehicular collisions, the second accident did not arise from nor was it a foreseeable consequence of the first. The trial court found no connection between the two accidents and properly apportioned the damages. Finding no abuse of the trial court's discretion we affirm.
As to plaintiff's assertion that the trial judge should have directed the jury that her injuries were caused more by the second accident than the first, we find this argument is without merit. A review of the jury instructions reveals that based upon the testimony presented and the applicable law, the jury was properly charged. After receiving the instructions it was properly within the discretion of the jury to decide how the damages were to be apportioned. Finally, after considering plaintiff's final argument on appeal, we find the trial court erred in permitting the intervening worker's compensation carrier to recover that portion of the plaintiff's award which compensates her for future medical expenses.
As provided by La.R.S. 23:1103, the intervenor, The Insurance Company of North America, claimed reimbursement of $23,960.00 it had paid to the plaintiff for her medical expenses. The plaintiff's original and amended petitions, however, claimed not only these past medical expenses, but future medical expenses as well. At trial, plaintiff presented testimony supporting an award of both past and future medical expenses. The jury returned a verdict for total medical expenses of $34,000.00, before reduction due to Continental's policy limits. Given the undisputed fact that plaintiff's past medicals come to only $23,960.00, the jury's $34,000.00 award must have included $10,040.00 in future expenses. The jurisprudence construing R.S. 23:1103 holds that the intervenor is entitled to recover out of the tort award in preference to the plaintiff only that amount actually paid in compensation. The excess over that amount is to be awarded to the plaintiff, and the compensation payor receives a credit on his future obligation for compensation up to the amount the plaintiff has received in the tort judgment. Fontenot v. Hanover Insurance Co., 385 So.2d 238 (La.1980); Senez v. Grumman Flxible Corp., 518 So.2d 574 (La.App. 4th Cir.1987). Hence, the trial court erred.
*475 INA can only recover to the extent that the plaintiff recovers. Since plaintiff could not recover all her claimed medical expenses due to the policy limits, neither could INA. However, INA was entitled to recover that part of the award which was covered by the policy and which was intended to cover past (rather than future) medical expenses. Finding that 29.53 percent of the jury verdict for medical expenses is attributable to future medicals, we amend the judgment to grant INA $7,028.14 as against Aetna and $531.54 as against Continental allocated. The allocation of damages was a question of fact which we will not disturb on appeal.
For the foregoing reasons the judgment of the trial court is affirmed as amended.
AFFIRMED AS AMENDED.