546 So.2d 263 (1989)
John M. ROBERTSON
v.
EMPLOYER'S CASUALTY COMPANY, Employer's National Insurance Company.
No. 88 CA 0983.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
M. Glenn Hawkins, Woodrow Wyatt, Baton Rouge, for plaintiff-appellee John M. Robertson.
Arthur Cooper, Baton Rouge, for defendant-appellant Employers Nat. Ins. Co.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This suit presents the res nova issue of whether a worker's compensation insurer is entitled to a credit for future medical expenses where the plaintiff-employee and the worker's compensation insurer have entered into a partial settlement and compromise with a third-party tortfeasor, pursuant to LSA-R.S. 23:1102.
On January 30, 1985, the plaintiff, John Robertson, filed a petition for benefits against his employer's worker's compensation insurer, Employer's Casualty Company and Employer's National Insurance Company (Employer's Casualty), seeking recovery for various compensation benefits and medical expenses. On August 18, 1986, the *264 plaintiff filed a supplemental and amending petition seeking additional medical expenses which the plaintiff incurred subsequent to a partial settlement of his claim against a third-party tortfeasor. The plaintiff also sought recovery of attorney's fees based on the arbitrary and capricious refusal of Employer's Casualty to pay his necessary medical expenses. Thereafter, on January 8, 1988, the plaintiff filed a motion for summary judgment as to his claim for medical benefits accruing after the partial settlement, and for attorney's fees. The trial court ruled in favor of the plaintiff-employee, as to his claim for medical benefits, based on the following stipulated facts:
On November 2, 1983, John M. Robertson was employed by Highway Pipeline Trucking.
On that date, John M. Robertson was injured in a vehicular accident while working within the course and scope of his employment with Highway Pipeline Trucking.
On that date, defendant Employer's Casualty Company/Employer's National Insurance Company ("Employer's Casualty") provided worker's compensation insurance to Highway Pipeline Trucking.
Employer's Casualty paid worker's compensation benefits and medical expenses to or on behalf of John M. Robertson as a result of injuries from the work related accident.
John M. Robertson filed a third person tort suit against several persons for his injuries and damages from the accident. This suit is entitled John M. Robertson, et ux v. John T. Johnson, et al, No. 73 804, Parish for St. Mary, 16th Judicial District Court ("the Tort Suit").
Employer's Casualty intervened in the Tort Suit for compensation benefits and medical expenses it had paid to or on behalf of John M. Robertson.
John M. Robertson entered into a compromise and release with some of the defendants [in the tort suit], reserving his rights against United Fire & Casualty Company, the umbrella insurer of one of the released defendants on July 22, 1986. The compromise was evidenced by a written Receipt and Release which contains the approval of Employer's Casualty....
The total amount received for releasing these Defendants was $245,000.00.
Of this amount, John M. Robertson received $182,447.78.
Of this amount, Employer's Casualty received $62,552.22, the amount it had previously paid in compensation benefits and medical expenses to or on behalf of John M. Robertson.
Since the date of the partial compromise and release, Employer's Casualty has not paid any compensation benefits or medical expenses to or on behalf of John M. Robertson.
The Tort Suit against United Fire & Casualty Company in the 16th Judicial District Court is still pending.
On April 3, 1987, John M. Robertson's treating physician, Dr. Kenneth E. Vogel, a New Orleans neurosurgeon, wrote a report stating that John M. Robertson needed further diagnostic testing....
. . . .
A copy of [Dr. Vogel's report] was mailed to Employer' [sic] Casualty through its attorney of record on May 13, 1987.
Employer's Casualty refused to pay the medical expenses incurred in having the diagnostic tests....
The medical expenses for these tests totalled $465.00....
After reviewing these tests, Dr. Vogel has scheduled John M. Robertson for further tests before anticipated surgery on his cervical spine....
Employer's Casualty is refusing to pay the medical expenses associated with this further testing and probable surgery.
Without giving reasons, the trial court ordered judgment against Employer's Casualty in the amount of $465.00, and further ordered Employer's Casualty to continue to pay medical expenses for plaintiff's work-related injuries as they accrued. The court made no award for attorney's fees, obviously finding that the defendant was not arbitrary nor capricious in its refusal to pay plaintiff's medical expenses after the *265 partial settlement. Employer's Casualty appealed the trial court judgment, urging only one assignment of error, that being, the trial court's refusal to allow Employer's Casualty a credit for monies received by the plaintiff from his settlement of claims against the third-party tortfeasors. The plaintiff answered the appeal urging trial court error in failing to award attorney's fees as allowed by LSA-R.S. 23:1201.2.
Employer's Casualty contends that it is not obligated to pay future worker's compensation benefits, including medical expenses, since, by virtue of LSA-R.S. 23:1102(B), it is entitled to a full credit of the net amount received by the plaintiff in settlement of his claims with third-party tortfeasors. Because there is no case law directly on point, Employer's Casualty suggests that the court should analogize the compromise of a tort claim under LSA-R.S. 23:1102(B) to a final judgment against a tortfeasor under LSA-R.S. 23:1103. These two statutes read as follows:
LSA-R.S. 23:1102(B):
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney's fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney's fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
LSA-R.S. 23:1103:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
Employer's Casualty contends that because the decisions interpreting LSA-R.S. 23:1103 allow a credit to the insurer for worker's compensation payments as well as for medical payments, when a final judgment is obtained against a third-party tortfeasor, the same result should follow when a third-party claim is compromised. Employer's National cites Derouselle v. Konecny, 468 So.2d 1382 (La.App. 1st Cir. 1985), quoting the following passage:
Clearly, when there is an excess amount awarded to plaintiff over the amounts paid to the intervening compensation insurer, the liability of the insurer *266 for future compensation and medical benefits ceases for an equal portion of compensation that is due and satisfied by that excess tort recovery. In other words, the compensation carrier is entitled to a credit against any future compensation and medical expenses it may owe to the extent of tort recovery.
Id. at 1385.
What the defendant failed to point out is that the court in Derouselle specifically limited the insurer's recovery of future medical expenses to the amount awarded for that item of damage in the final judgment. We note similar results in the following decisions: Brooks v. Chicola, 514 So.2d 7 (La.1987); Hess v. Sports Pub. Co., 520 So.2d 472 (La.App. 4th Cir.), writ denied, 523 So.2d 1343 (La.1988); Price v. Mitchell Const. Co., Inc., 482 So.2d 869 (La.App. 2d Cir.), writ denied, 484 So.2d 671 (La.1986); Landaiche v. Lou-Con, 461 So.2d 1107 (La.App. 5th Cir.1984); Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980).
In Fontenot the Supreme Court addressed the issue of whether an employer or his insurer is entitled to reimbursement for medical expenses paid under the Worker's Compensation Law out of the employee's judgment against a third-party tortfeasor for his pain and suffering. The Court held that the insurer was not entitled to reimbursement for medical expenses out of the employee's recovery for her pain and suffering. "Instead, the compensation insurer was entitled to judgment directly against the third person for any medical expenses not included in the award to plaintiff-employee." Id. at 240. The Court went on to state that "A determination of the total amount required to fully repair the damages caused to the plaintiff must be made before the apportionment of this amount between the employer and the plaintiff as required by La.R.S. 23:1103." (Emphasis added.) 385 So.2d at 240. The Court reasoned as follows:
The underlying policy of the apportionment scheme in providing that an employer's claim for reimbursement of compensation actually paid shall take precedence is merely that the employee should not be compensated doubly for the same element of his damages. It does not appear that the legislature intended for the employer to be reimbursed from the employee's award for items which the employee has not recovered from the third person. (Citations omitted.)
385 So.2d at 240.
The Fontenot decision was recently reaffirmed in Brooks v. Chicola, supra, with respect to an insurer's right to reimbursement and credit for worker's compensation payments. The Court in Chicola held that weekly compensation payments are intended as wage replacement and not as compensation for pain and suffering. Accordingly the Court limited the insurer's reimbursement for past weekly benefits to the award for past loss of earnings. The Court further stated that "[i]t necessarily follows that credit for future compensation likewise must be limited to the award for future loss of earnings." Id. at 14.
Thus under Fontenot and the cases following it, the compensation insurer has no right to any credit against any amount recovered by the plaintiff-employee against a third person for future medical expenses unless there is an award for such future expenses and then only to the extent of the award for that item.
In the instant case the plaintiff's partial settlement with the third-party tortfeasor did not itemize damages.
The plaintiff's primary contention is that Employer's Casualty has no right to a credit for future medical expenses, to the extent of the partial settlement, because the tort suit as well as the intervention therein of Employer's Casualty remains viable.[1] Plaintiff argues that, unlike a final judgment or a final compromise, a partial compromise in no manner prejudices the *267 rights of Employer's Casualty to recover payments from the third person defendant.[2]
Alternatively, the plaintiff suggests that, should the court decide to treat settlements as final judgments, the court should make its own determination, based on the evidence, as to the amount of the settlement which should be allotted to future medical expenses, and award a credit based on that amount.
Considering the particular facts of the instant case, we see no reason to fashion such an ad hoc rule. Because the settlement, which the plaintiff and Employer's Casualty entered into, was a partial settlement with reservations of rights against the remaining tortfeasors, we see no reason to award Employer's Casualty a credit for future medical expenses. It is clear that Employer's Casualty has a right to seek reimbursement for any and all medical expenses paid from the remaining tortfeasors. Furthermore, the settlement does not designate a specific portion of the award for future medical expenses.
The court finds that a partial settlement with no specific award for future medical expenses does not entitle a compensation insurer to a credit for any future medical expenses.
We further find that plaintiff is not entitled to an award of attorney's fees under LSA-R.S. 23:1201.2. Employer's Casualty was neither arbitrary nor capricious in its refusal to pay the medical expenses incurred by the plaintiff after his partial settlement. In light of the substantial legal question as to whether Employer's Casualty was entitled to a credit for the amount of the plaintiff's settlement, we find that Employer's Casualty had a reasonable basis for denial of the medical benefits.
For the reasons set forth above we affirm the judgment of the trial court. Costs of this appeal are to be paid by Employer's Casualty.
AFFIRMED.
NOTES
[1] The plaintiff also argues that if the court should not find merit in the above legal propositions, that the court should apply the jurisprudence interpreting LSA-R.S. 23:1103 which holds that the compensation insurer can only receive credit for future medical expenses out of an award for future medical expenses.
[2] The plaintiff points out that the partial compromise herein was entered into because it included the policy limits of the underlying liability insurer of the tortfeasor. Thus not only did the amount recovered by the plaintiff in the compromise not include future medical expenses, it did not include full recovery for plaintiff's general damages.