580 So.2d 480 (1991)
Ina Ray Weber WOODS
v.
ABC INSURANCE COMPANY, et al.
No. 90-CA-1848.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*481 George H. Troxell, III, New Orleans, for plaintiff-appellant Ina Ray Woods.
Virgil A. Lacy, III, Blue, Williams & Buckley, Metairie, for defendants-appellees Allen J. Poche and Lillian K. Poche.
Before KLEES, CIACCIO and PLOTKIN, JJ.
KLEES, Judge.
This is an appeal by plaintiff, Ina Ray Weber Woods, from the granting of a partial summary judgment in favor of defendants, Allen J. Poche, Lillian K. Poche and ABC Insurance Company. After reviewing the record and applicable law, we affirm.
In March of 1988, plaintiff leased one of the lower units of a four-plex at 2815 Banks Street in New Orleans from the defendants/owners. On August 23, 1988, plaintiff contacted defendants concerning a foul smelling liquid seeping down through the ceiling of her kitchen. Defendants investigated the matter, but did not make any repairs. Later that evening, as plaintiff walked through the kitchen, she was struck by a water-soaked ceiling tile causing injuries. After being notified of the accident, defendants gratuitously extended grace periods for plaintiff to pay past due rent and current rental obligations. Several weeks later, defendants initiated legal proceedings to have plaintiff evicted for non-payment of rent and for past due rent and deposits.
Plaintiff filed this suit for personal injuries suffered as a result of the accident. Plaintiff also claims that she is entitled to damages for intentional infliction of emotional distress alleging that defendants initiated legal proceedings with the intent to cause plaintiff to suffer emotionally, in retaliation for the possible personal injury claims against them. Defendants filed a motion for partial summary judgment on the claim of intentional infliction of emotional distress. The trial judge granted the partial summary judgment.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law is incumbent upon the mover, and all doubt must be resolved against the mover and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Plaintiff claims that she was evicted in retaliation for her injuries sustained on the premises. Plaintiff further claims that defendants' eviction suit was an abuse of the judicial process. However, at the time of the eviction, plaintiff owed several hundred dollars in rent. A lessor's obligation to maintain a lessee in peaceable possession is conditioned on the lessee meeting the *482 obligations imposed under the lease. LSA-C.C. art. 2710. One of the obligations imposed on the lessee is timely payment of rent. Thus, a lessor may evict a tenant for non-payment of rent. LSA-C.C. art. 2712. Defendant's eviction suit based on plaintiff's failure to pay rent was authorized under the law and the lease. Therefore, plaintiff's claim for intentional infliction of emotional distress for wrongful eviction should be dismissed.
Accordingly, the judgment dismissing plaintiff's claim for intentional infliction of emotional distress against defendants is affirmed.
AFFIRMED.