603 So.2d 214 (1992)
ROADRUNNER MOTOR REBUILDERS, INC., and Louisiana Employers Safety Association (a Self-Insured Fund)
v.
Hattie RYAN, Champion Insurance Company and Fireman's Fund Insurance Company.
No. 91 CA 0619.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied August 12, 1992.
*215 Daniel R. Atkinson, Jr., Baton Rouge, for plaintiffs-appellees Roadrunner Motor Rebuilders, Inc., et al.
Stephen E. Broyles, Baton Rouge, for intervenor-appellant Earl Brooks.
*216 Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, granting a motion for summary judgment filed by an employer and its compensation insurer, and denying a motion for summary judgment filed by the injured worker.

FACTS
On July 1, 1987, Hattie Ryan was driving a 1976 Cadillac Calais south on Scenic Highway in Baton Rouge when she was involved in an accident with a 1977 Ford pickup operated by Earl Brooks. At the time of the accident, Brooks was in the course and scope of his employment with Roadrunner Motor Rebuilders, Inc. (Roadrunner). Brooks sustained severe injuries as a result of the accident. Thereafter, Roadrunner's worker's compensation insurance carrier, Louisiana Employers Safety Association (LESA), paid weekly worker's compensation and medical benefits to Brooks.
On December 2, 1987, Roadrunner and LESA filed a suit to recover worker's compensation and medical benefits paid to Brooks. Named as defendants were Ryan; her automobile liability insurer, Champion Insurance Company; and Fireman's Fund Insurance Company (Fireman's Fund), the uninsured motorist carrier of the truck operated by Brooks. Thereafter, on January 26, 1988, Fireman's Fund invoked a concursus proceeding, naming Roadrunner, LESA, and Brooks as defendants. Fireman's Fund alleged that Brooks' damages exceeded the policy limits of the Champion policy, which was the only available liability insurance. Fireman's Fund deposited into the registry of the court $100,000.00, representing the policy limits of the underinsured motorist coverage provided by Fireman's Fund.
On April 27, 1988, Brooks intervened in the proceedings, seeking to recover the deposited funds in preference to the demands of Roadrunner and LESA. Brooks alleged that his damages exceeded any payments received from Roadrunner or LESA.
Subsequently, Roadrunner and LESA filed the instant motion for summary judgment, alleging that they were entitled to the $100,000.00 deposited by Fireman's Fund as reimbursement for compensation and medical benefits paid to Brooks. Brooks opposed Roadrunner's and LESA's motion for summary judgment and filed his own motion for summary judgment, seeking to recover the $100,000.00 deposited by Fireman's Fund.
After a hearing, the trial court denied both motions for summary judgment. Thereafter, on June 27, 1990, Brooks filed a motion for reconsideration of the motions for summary judgment. The parties also entered into a stipulation that Brooks would be entitled to a general damage award of $300,000.00 and that LESA had paid Brooks $16,503.08 in weekly compensation benefits as of May 31, 1990, and $96,020.67 in medical expenses. The parties further stipulated that Ryan's liability limits were $10,000.00 and that uninsured motorist coverage was $100,000.00.
Thereafter, the trial judge, interpreting the language of LSA-R.S. 23:1103, determined that the employer and the worker's compensation carrier were entitled to the funds deposited in the concursus proceeding. The trial court then rendered judgment, granting Roadrunner's and LESA's motion for summary judgment and denying Brooks' motion for summary judgment.
From this adverse judgment, Brooks appeals, raising the following issues:
1. On the date of this accident, July 1, 1987, did R.S. 23:1103 allow an employer or compensation self-insurer to receive insurance proceeds when those proceeds are insufficient to compensate the employee for his noneconomic losses for pain and suffering?
2. Is the amendment to R.S. 23:1103 providing the employer the right to first dollar recovery without regard to characterization of damages, effective January 1, 1990, retroactive in its application?
3. Does an exclusion in the Fireman's Fund policy, that the insurance does not *217 apply to the direct or indirect benefit of any insurer or self-insurer, bar recovery by The Fund [LESA]?

RETROACTIVITY OF LSA-R.S. 23:1103(B)
Prior to its amendment in 1989, LSA-R.S. 23:1103 provided as follows:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
In Brooks v. Chicola, 514 So.2d 7, 13 (La.1987), the Louisiana Supreme Court determined that LSA-R.S. 23:1103 prevents employees from recovering for loss of earnings and medical expenses from both the tortfeasor and the compensation carrier. The court reasoned that, because worker's compensation benefits do not compensate an employee for his pain and suffering, reimbursement to compensation carriers under LSA-R.S. 23:1103 could only be made from the portion of an employee's damage award for loss of earnings or medical expenses. The court stated, "What was never paid cannot be reimbursed." Brooks v. Chicola, 514 So.2d at 13. According to the supreme court, an injured worker, as any other tort victim, is entitled to his full recovery for non-economic losses. There should be no reduction in the injured worker's award for pain and suffering simply to give a compensation insurer full reimbursement. Brooks v. Chicola, 514 So.2d at 13.
By Acts 1989, No. 454, the legislature amended LSA-R.S. 23:1103, effective January 1, 1990. The pertinent aspect of the amendment is the addition of section B, which provides as follows:
The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
The recent amendment of the statute has been described as legislatively overruling Brooks v. Chicola. In Harris v. Ballansaw, 576 So.2d 602, 604 (La.App. 4th Cir. 1991), and Harrison v. Otis Elevator Company, 935 F.2d 714, 718-19 (5th Cir.1991), the courts gave the 1989 amendment to LSA-R.S. 23:1103 prospective effect only. In Harrison, 935 F.2d at 719, the U.S. Fifth Circuit Court of Appeals stated that "[t]he amendment at issue is substantive in nature, affecting vested rights," and as a consequence, the statute should not be applied retroactively.
In contrast, in St. Paul Fire & Marine Insurance Company v. E.R. Smith, Jr. d/b/a E.R. Smith Electrical Contractor, et al., 596 So.2d 272 (La.App. 3rd Cir.1992), decided on March 11, 1992, under docket number 90-954, our brethren of the Third Circuit Court held that the amendment to LSA-R.S. 23:1103 B is interpretive and that the "clear intent of the legislative amendment was to override the supreme court's interpretation" of that statute in Brooks v. Chicola, 514 So.2d 7 (La.1987) and "to reinstate the law to the interpretation which it *218 had been given prior to the Brooks decision."
We have carefully reviewed this issue and find that the 1989 amendment to LSA-R.S. 23:1103, and specifically LSA-R.S. 23:1103 B, cannot be given retroactive effect. Interpretive, procedural, or remedial legislation may be applied retroactively, while substantive legislation applies prospectively only. LSA-C.C. art. 6; LSA-R.S. 1:2; Harrison v. Otis Elevator Company, 935 F.2d at 719; Hawn Tool Co. v. Crystal Oil Co., 514 So.2d 636, 639 (La. App. 2nd Cir.1987). Substantive acts are those acts which create, confer, define, or destroy rights, liabilities, causes of action, or legal duties. Harrison v. Otis Elevator Company, 935 F.2d at 719; Percle v. Oubre, 564 So.2d 352, 359-60 (La.App. 1st Cir.), writs denied, 567 So.2d 611, 613 (La. 1990); Hawn Tool Company v. Crystal Oil Company, 514 So.2d at 639.
Brooks v. Chicola resolved a conflict among the Louisiana appellate courts and held that compensation carriers had no right to reimbursement from an employee's damage award for pain and suffering. Brooks v. Chicola, 514 So.2d at 10-14. Prior to the 1989 amendment of LSA-R.S. 23:1103, an employee's recovery for pain and suffering was not subject to the reimbursement claims of the employer. Robertson v. Employer's Casualty Company, 546 So.2d 263, 265-67 (La.App. 1st Cir. 1989); Thompson v. Petrounited Terminals, Inc., 536 So.2d 504, 517 (La.App. 1st Cir.1988), writs denied, 537 So.2d 212, 213 (La.1989); Whitehead v. Fireman's Fund Insurance Company, 529 So.2d 82, 87-88 (La.App. 3rd Cir.), writ denied, 532 So.2d 119 (La.1988); Senez v. Grumman Flexible Corp., 518 So.2d 574, 578 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1151 (La. 1988). The amendment purports to give the employer the right to reimbursement from the employee's damage award, regardless of whether the award is classified as an award for pain and suffering. The amendment gives the employer and the compensation carrier the right of reimbursement to funds to which they were previously not entitled. The amendment takes from the employee a right to keep damages for pain and suffering free of the claims for reimbursement by the compensation carrier and the employer. Because the amendment confers new rights and destroys existing rights, it is substantive and cannot be given retroactive effect. Harrison v. Otis Elevator Company, 935 F.2d at 719; Cf. Percle v. Oubre, 564 So.2d at 359-60.

SUMMARY JUDGMENT
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4th Cir.1991); Woods v. ABC Insurance Company, 580 So.2d 480, 481 (La.App. 4th Cir.1991). The burden of showing that there is no genuine issue of material facts and that the mover is entitled to judgment as a matter of law is upon the mover, and all doubt must be resolved against the mover and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Woods v. ABC Insurance Company, 580 So.2d at 481.
A fact is material if it is essential to plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Schroeder v. Board of Supervisors of Louisiana State University, 577 So.2d 1074, 1078 (La.App. 1st Cir.), reversed on other grounds, 591 So.2d 342 (La.1991); Eads Operating Company, Inc. v. Thompson, 537 So.2d 1187, 1194 (La.App. 1st Cir.1988), writ denied, 538 So.2d 614 (La.1989). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in the light of the substantive law applicable to the case. Schroeder v. Board of Supervisors of Louisiana State University, 577 So.2d at 1079; Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
*219 Roadrunner and LESA argue that they are entitled to the $100,000.00 deposited in the registry of the court by Fireman's Fund. Roadrunner and LESA rely upon the following language from LSA-R.S. 23:1103 which remained unaltered by the 1989 amendment:
[I]f the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor.
In Brooks v. Chicola, the court explained that reimbursement to the compensation insurer must necessarily be limited to the damage awards for loss of earnings and medical expenses. The Louisiana Worker's Compensation Law only requires reimbursement to the extent that damages for lost wages and medical expenses are recovered from a third party tortfeasor. No preference is granted to the compensation carrier over the employee's award for pain and suffering. Brooks v. Chicola, 514 So.2d at 13. See also Robertson v. Employer's Casualty Company, 546 So.2d at 266; Thompson v. Petrounited Terminals, Inc., 536 So.2d at 517; Whitehead v. Fireman's Fund Insurance Company, 529 So.2d at 87-88; Senez v. Grumman Flexible Corp., 518 So.2d at 578.
A compensation carrier can be reimbursed only to the extent that an employee recovers a damage award for items compensable by worker's compensation. See Hess v. Sports Publishing Company, 520 So.2d 472, 474-75 (La.App. 4th Cir.), writ denied, 523 So.2d 1343 (La.1988). When the policy limits of the available insurance are insufficient to compensate for the damages suffered, the compensation carrier is not entitled to the entire policy limits, but only the portion of the policy limits attributable to damages which are compensable by worker's compensation. Hess v. Sports Publishing Company, 520 So.2d at 474-75. Under LSA-R.S. 23:1103 as interpreted by Brooks v. Chicola, a determination must be made as to what portion, if any, of the employee's recovery is compensation for damages already compensable by worker's compensation.
Because LESA paid $96,020.67 in medical expenses and $16,503.08 in worker's compensation benefits to Brooks, which are in excess of the funds deposited with the court, Roadrunner and LESA argue that LSA-R.S. 23:1103 entitles them to the entire proceeds of the Fireman's Fund policy. The parties entered a stipulation that Brooks would be entitled to "general damages" of $300,000.00. The trial judge, in written reasons for judgment on the motions for summary judgment, found that the stipulation, and apparently the other documentation submitted in conjunction with the motions for summary judgment, did not determine what amount Brooks should receive for pain and suffering, lost wages, or medical expenses. The classification of damages as compensation for medical expenses or pain and suffering or lost wages is a question of fact. Hess v. Sports Publishing Company, 520 So.2d at 475. Because the evidence offered in support of the motions for summary judgment did not resolve this important factual question, Roadrunner and LESA were not entitled to judgment as a matter of law. As such, the trial judge erred in granting Roadrunner's and LESA's motion for summary judgment. For the same reason, Brooks' motion for summary judgment was properly denied.

POLICY EXCLUSION
On appeal, Brooks argues that certain language in the Fireman's Fund policy defeats Roadrunner's and LESA's claims to benefits of the Fireman's Fund policy.[1] Brooks did not raise this argument before the trial court. Issues not submitted to the trial court for decision will generally not be *220 considered by the appellate court on appeal. Poirier v. National Union Fire Insurance Company, 517 So.2d 225, 226 (La. App. 1st Cir.1987). See also Haltom v. State Farm Mutual Automobile Insurance Company, 588 So.2d 792, 794 (La. App. 2nd Cir.1991); Williams v. Williams, 586 So.2d 658, 660 (La.App. 2nd Cir.1991); Schoonmaker v. Capital Towing Company, 512 So.2d 480, 486 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (La.1987). We therefore decline to review questions concerning the possible effects of the Fireman's Fund policy exclusion.

CONCLUSION
For these reasons, the judgment of the trial court is reversed in so far as it granted summary judgment to Roadrunner and LESA and is affirmed in so far as it denied Brooks' motion for summary judgment. This matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are to await a final decision on the merits.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

ON REHEARING
PER CURIAM.
It has been called to our attention in applications for rehearing that after the trial court ruled on the motions for summary judgment and on the motion for reconsideration of the motions for summary judgment, the parties entered into a post-judgment clarifying stipulation, agreeing that the general damage award set forth in the earlier stipulation was for Brooks' pain and suffering and loss of his leg and did not include any medical expenses, loss of income, or other economic loss. The parties also stipulated that the payments for medical expenses and weekly compensation benefits were not included in the stipulated general damage award. Therefore, reading the stipulations together, the parties agreed that had there been a judgment following trial, the judgment would have been in favor of Brooks for $300,000.00 as an award for damages for pain and suffering and loss of his leg and that LESA paid $16,503.08 in weekly compensation benefits and $96,020.67 in medical expenses.
However, these stipulations do not resolve what damage award, if any, Brooks should receive for lost wages and medical expenses. LSA-R.S. 23:1103 provides that when the employer becomes a plaintiff in a suit against a third party under LSA-R.S. 23:1102 and damages are recovered, the employer is given a preference over the damage award to the extent that it actually paid compensation benefits. As we noted on original hearing, in Brooks v. Chicola, 514 So.2d 7, 13 (La.1987), the Louisiana Supreme Court determined that reimbursement to compensation carriers under LSA-R.S. 23:1103 could only be made from the portion of an employee's damage award for loss of earnings or medical expenses. Roadrunner and LESA paid Brooks $112,523.75 in worker's compensation and medical benefits. There is no stipulation as to the amount of the damage award for these special damages, if any. Therefore, genuine issues of material fact remain as to the amount to which Brooks is entitled for lost wages and medical expenses and the amount for which the employer and compensation carrier may seek reimbursement.
For these reasons, the applications for rehearing are denied.
NOTES
[1] The Fireman's Fund policy contains the following exclusionary language:

The insurance does not apply to:
. . . . .
2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.